■ CLIFTON J. MORRIS, Individually and as Administrator of the Estate of ANNEMARIE MORRIS, Deceased, Appellant, v METROPOLITAN TRANSPORTATION AUTHORITY et al., Respondents. [595 NYS2d 539] —In an action to recover damages for wrongful death and personal injuries, etc., the plaintiffs appeal from an order and judgment (one paper) of the Supreme Court, Suffolk County (Cannavo, J.), entered February 19, 1991, which granted the defendants' motion to vacate a prior order of the same court, dated December 18, 1989, striking the

affirmative defense of the Statute of Limitations, and is in favor of the defendants and against the plaintiffs dismissing the complaint as time-barred.

Ordered that the order and judgment is reversed, as a matter of discretion in the interest of justice, with costs, the motion is denied, and the complaint is reinstated.

While "law office failure" may under certain circumstances constitute a reasonable excuse for a default and thus justify the vacatur of a prior determination of the court, there must be detailed allegations of fact which explain the reason for such a failure (see, Trapani v Imlug & Seven Corp., 140 AD2d 690). In this case, the excuse proffered by the defendants was limited to the self-serving and unsubstantiated allegations of the defendants' prior counsel that upon receipt of the plaintiffs' motion papers, he spoke by telephone with an unidentified employee of the office of the County Clerk, who advised him that a search of the records of that office failed to reveal the existence of the plaintiffs' motion on any calendar. We conclude that these assertions failed to satisfy the foregoing standard.

In view of the foregoing, we need not reach the other issues raised by the plaintiffs. Thompson, J. P., Balletta, Rosenblatt and Eiber, JJ., concur.