■ EUGENE BEALE et al., Appellants, v JOSE M. YEPES et al., Respondents. [766 NYS2d 364] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (Glover, J.), dated September 9, 2002, which denied their motion to vacate an order of the same court, dated October 1, 2001, which granted the

defendants' motion for summary judgment upon the plaintiffs' default in opposing the motion.

Ordered that the order is affirmed, with costs.

To vacate a default, a plaintiff must demonstrate both a reasonable excuse for the default and a meritorious cause of action (*see* CPLR 5015 [a]; *Sicari v Hung Yuen Wong,* 286 AD2d 489 [2001]). The plaintiffs' counsel's bare allegations of law office failure on the part of prior counsel cannot serve as the basis to set aside a judgment pursuant to CPLR 5015 (*see Gourdet v Hershfeld,* 277 AD2d 422 [2000]; *Eretz Funding v Shalosh Assoc.,* 266 AD2d 184 [1999]; *Spatz v Bajramoski,* 214 AD2d 436 [1995]; *Blackman v Blackman,* 131 AD2d 801, 805 [1987]). Furthermore, the plaintiffs failed to submit any evidence sufficient to satisfy the serious injury threshold set forth in Insurance Law § 5102 (d) (*see Sarot v Yusufov,* 301 AD2d 512 [2003]; *Waaland v Weiss,* 228 AD2d 435 [1996]). Accordingly, the Supreme Court providently exercised its discretion in denying the motion to vacate. Altman, J.P., S. Miller, McGinity, Adams and Mastro, JJ., concur.