■ Luis Lopez et al., Appellants, v Tierney & Courtney Overhead Door Sales Co., Inc., Respondents. [777 NYS2d 721]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (Kitzes, J.), dated November 12, 2003, which denied their motion to vacate an order of the same court dated April 28, 2003, granting the defendants' separate motions for summary judgment dismissing the complaint insofar as asserted against them upon the plaintiffs' default in opposing the motions.

Ordered that the order is affirmed, with costs.

On their motion to vacate a prior order granting the defendants' separate motions for summary judgment dismissing the complaint, upon the plaintiffs' default in opposing the motions, the plaintiffs were required establish both a reasonable excuse for the default and a meritorious cause of action (*see Itskovich v Lichenstadter,* 2 AD3d 406 [2003]; *Beale v Yepes,* 309 AD2d 886 [2003]; *Sicari v Hung Yuen Wong,* 286 AD2d 489 [2001]). Counsel's conclusory and unsubstantiated assertion that the defendants withdrew their separate motions for summary judgment was insufficient to excuse the plaintiffs' default in opposing those motions (*see Wechsler v First Unum Life Ins. Co.,* 295 AD2d 340 [2002]; *Flomenhaft v Baron,* 281 AD2d 389 [2001]). Furthermore, the complaint and bill of particulars, verified by the injured plaintiff, failed to detail the defendants' acts of negligence so as to establish a meritorious cause of action (*cf. Salch v Paratore,* 60 NY2d 851 [1983]; *see Kubick v Ballback,* 231 AD2d 684 [1996]). In any event, we note that the defendants made a prima facie showing of their entitlement to judgment as a matter of law in their separate motions for summary judgment, and the plaintiffs will not be able to make out a prima facie case in light of a prior order of the Supreme Court precluding them from offering expert testimony at trial (*see O'Brien v Reich,* 290 AD2d 544 [2002]).

The plaintiffs' remaining contentions regarding that preclusion order are not properly before us on this appeal. Altman, J.P., S. Miller, Schmidt and Cozier, JJ., concur.