■ ELAYNE ABRAMS et al., Appellants, v CITY OF NEW YORK, Respondent, et al., Defendant. [786 NYS2d 323]—In an action to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Queens County (Flug, J.), dated May 9, 2003, which denied their motion, in effect, to vacate a prior order of the same court granting the motion of the defendant City of New York for summary judgment dismissing the complaint insofar as asserted against it upon the plaintiffs' default in opposing the motion.

Ordered that the order is affirmed, with costs.

CPLR 5015 (a) (1) permits a court to vacate a default where the moving plaintiff demonstrates both a reasonable excuse for the default and the existence of a meritorious cause of action (see Lopez v Tierney & Courtney Overhead Door Sales Co., Inc., 8 AD3d 347 [2004]; Beale v Yepes, 309 AD2d 886, 887 [2003]). The determination of what constitutes a reasonable excuse is left to the sound discretion of the court (see Scarlett v McCarthy, 2 AD3d 623 [2003]; Westchester Med. Ctr. v Clarendon Ins. Co., 304 AD2d 753 [2003]). The plaintiffs explained that law office failure was to blame for their default in opposing the motion of the City of New York for summary judgment dismissing the complaint insofar as asserted against it. The plaintiffs' explanation, however, was vague and unsubstantiated and did not rise to the level of a reasonable excuse (see Beale v Yepes, supra; Grezinsky v Mount Hebron Cemetery, 305 AD2d 542 [2003]; Juarbe v City of New York, 303 AD2d 462 [2003]; Fennell v Mason, 204 AD2d 599 [1994]; Morris v Metropolitan Transp.

*Auth.,* 191 AD2d 682 [1993]). Therefore, the Supreme Court properly denied the motion (*see Grezinsky v Mount Hebron Cemetery, supra*).

In view of the foregoing, it is unnecessary to reach the plaintiffs' remaining contentions. H. Miller, J.P., Crane, Spolzino and Skelos, JJ., concur.