GINA GIRONDA, Appellant, v DAVID KATZEN et al., Respondents. [798 NYS2d 109]—

In an action to recover damages, inter alia, for employment discrimination, the plaintiff appeals from so much of an order of the Supreme Court, Kings County (Jackson, J.), dated January 13, 2004, as, in effect, denied that branch of her motion which was to vacate an order of the same court dated May 20, 2003, granting a prior motion entered upon her default in opposing it, among other things, to strike the complaint pursuant to CPLR 3126.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the branch of the motion which was to vacate the order dated May 20, 2003, is granted, the order dated May 20, 2003, is vacated, and the complaint is reinstated.

To vacate the order entered upon her default, the plaintiff was required to demonstrate both a reasonable excuse for her default and a meritorious cause of action (*see Liotti v Peace*, 15 AD3d 452 [2005]; *Abrams v City of New York*, 13 AD3d 566

[2004]; *Henry v Kuveke,* 9 AD3d 476 [2004]). Law office failure may, in the court's discretion, serve as a reasonable excuse (*see* CPLR 2005; *Liotti, supra*), "but a 'pattern of willful default and neglect' should not be excused" (*Roussodimou v Zafiriadis,* 238 AD2d 568, 569 [1997], quoting *Gannon v Johnson Scale Co.,* 189 AD2d 1052 [1993]; *see Chery v Anthony,* 156 AD2d 414 [1989]). Nor is conduct that constitutes an intentional default or a default in bad faith excusable (*see Eretz Funding v Shalosh Assoc.,* 266 AD2d 184 [1999]; *Roussodimou v Zafiriadis, supra*; *Perellie v Crimson's Rest.,* 108 AD2d 903 [1985]).

The plaintiff offered as an excuse for her default the failure of a new associate attorney hired by her attorney of record to serve discovery responses as mandated by a preliminary conference order and to oppose the defendants' motion, inter alia, to strike the complaint pursuant to CPLR 3126. Under the circumstances of this case, the court improvidently exercised its discretion in rejecting the plaintiff's excuse of law office failure. The record established that, although not isolated occurrences, the failures of the plaintiff's counsel were neither intentional (*cf. Eretz Funding v Shalosh Assoc., supra*) nor part of a pattern of willful default or neglect (*cf. Roussodimou v Zafiriadis, supra*). Moreover, the plaintiff's attorney of record provided a detailed explanation for the instances of neglect (*see Henry v Kuveke, supra*; *cf. Abrams v City of New York, supra*). Contrary to the defendants' contention, the plaintiff's verified complaint and bill of particulars may serve as an affidavit of merit (*see* CPLR 105 [u]; *Beizer v Funk,* 5 AD3d 619 [2004]) and was sufficient to set forth a possible meritorious cause of action. Florio, J.P., Schmidt, Adams and Mastro, JJ., concur.