■ VINICIO PEREZ et al., Appellants, v HAN KI MAN et al., Respondents. [835 NYS2d 216]—In an action to recover damages for personal injuries, etc., the plaintiffs appeal (1) from an order of the Supreme Court, Queens County (Weiss, J.), dated December 2, 2005, which, inter alia, granted the defendants' motion for summary judgment dismissing the complaint insofar as asserted by the plaintiff Vinicio Perez on the ground that he did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), and (2), as limited by their brief, from so much of an order of the same court dated March 9, 2006, as denied that branch of their motion which was to vacate an order of the same court dated December 1, 2005, granting the defendants' unopposed motion for summary judgment dismissing the complaint insofar as asserted by the plaintiff Elvin Perez on the ground that he did not sustain a serious injury within the meaning of Insurance Law § 5102.

Ordered that the appeal from the order dated December 2, 2005 is dismissed as abandoned (*see* 22 NYCRR 670.8 [e]); and it is further,

Ordered that order dated March 9, 2006 is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the respondents.

In order to vacate the default, the plaintiff Elvin Perez was required to demonstrate a reasonable excuse for the default and a meritorious cause of action (*see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co.,* 67 NY2d 138, 141 [1986]; *see also Koyenov v Twin-D Transp., Inc.,* 33 AD3d 967 [2006]; *New York & Presbyt. Hosp. v American Home Assur. Co.,* 28 AD3d 442 [2006]; *Burns v Casale,* 276 AD2d 734 [2000]). He failed, however, to demonstrate a reasonable excuse, nor did he proffer any competent evidence establishing that he sustained a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident. Accordingly, he failed to establish his entitlement to

the relief requested and the Supreme Court providently exercised its discretion in denying that branch of the plaintiffs' motion. Rivera, J.P., Spolzino, Fisher, Lifson and Dickerson, JJ., concur.