SECOND DEPARTMENT, FEBRUARY, 2008

(February 1, 2008)

■ EILEEN BROWN, Appellant, v NEW YORK CITY HOUSING AUTHORITY, Respondent, et al., Defendant. [850 NYS2d 210]—

In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Queens County (Grays, J.), dated July 5, 2006, which granted that branch of the unopposed motion of the defendant New York City Housing Authority which was pursuant to CPLR 3126 to dismiss the complaint insofar as asserted against it, and (2) an order of the same court, dated November 13, 2006, which denied her motion, in effect, to vacate the prior order.

Ordered that the appeal from the order dated July 5, 2006 is dismissed; and it is further,

Ordered that the order dated November 13, 2006 is affirmed; and it is further,

Ordered that one bill of costs is awarded to the defendant New York City Housing Authority.

The order dated July 5, 2006 was issued upon the plaintiff's default in opposing the motion of the defendant New York City Housing Authority (hereinafter the NYCHA). No appeal lies from an order made upon the default of the appealing party (*see* CPLR 5511).

To vacate the order dated July 5, 2006 the plaintiff was required, inter alia, to demonstrate a reasonable excuse for her default in opposing the NYCHA's motion, (*see Gironda v Katzen,* 19 AD3d 644 [2005]; *Antoku v Grace Indus.,* 295 AD2d 294 [2002]). However, the plaintiff failed to provide a reasonable excuse for her failure to oppose the motion (*see Scoca v Bon Realty Corp.,* 284 AD2d 388 [2001]). She also failed to adequately explain her failure to comply with certain outstanding discovery demands and orders over a two-year period (*see Tutt v City of Yonkers,* 11 AD3d 532 [2004]). Accordingly, the Supreme Court

providently exercised its discretion in denying her motion, in effect, to vacate the order dated July 5, 2006. Crane, J.P., Fisher, Ritter, Covello and Dickerson, JJ., concur.