■ Floyd Montague, Respondent, v Nestel Rivera et al., Appellants. [854 NYS2d 749]—

In an action, inter alia, to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Kramer, J.), dated March 2, 2007, which granted the plaintiff's motion to vacate a prior order of the same court dated May 19, 2000, granting their unopposed motion to dismiss the complaint.

Ordered that the order dated March 2, 2007 is reversed, on

the law, with costs, the plaintiff's motion to vacate the order dated May 19, 2000 is denied, and the order dated May 19, 2000 is reinstated.

In order to prevail on a motion to vacate a default in opposing a motion, a moving party is required to demonstrate both a reasonable excuse for its default and a meritorious claim (*see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co.,* 67 NY2d 138, 141 [1986]; *Perez v Han Ki Man,* 39 AD3d 521 [2007]; *Psomatithis v Transoceanic Cable Ship Co., Inc.,* 39 AD3d 837 [2007]; *Oyebola v Makuch,* 10 AD3d 600, 601 [2004]; *Itskovich v Lichenstadter,* 2 AD3d 406, 407 [2003]; *Beale v Yepes,* 309 AD2d 886, 887 [2003]). Here, the plaintiff failed to do either. The conclusory reasons for the default offered by the plaintiff's counsel were not substantiated by detailed facts and thus were insufficient to constitute a justifiable excuse (*see Juarbe v City of New York,* 303 AD2d 462 [2003]; *Shmarkatyuk v Chouchereba,* 291 AD2d 487 [2002]; *Morris v Metropolitan Transp. Auth.,* 191 AD2d 682 [1993]). Further, the plaintiff failed to submit competent medical evidence demonstrating that he sustained a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject automobile accident (*see Itskovich v Lichenstadter,* 2 AD3d at 407; *Beale v Yepes,* 309 AD2d at 887; *Waaland v Weiss,* 228 AD2d 435, 436 [1996]). Accordingly, the Supreme Court should have denied the plaintiff's motion to vacate the order dated May 19, 2000. Spolzino, J.P., Ritter, Dillon, Balkin and Leventhal, JJ., concur.