■ MAIRELIS MORA, Appellant, v PETER A. SCARPITTA et al., Respondents. [861 NYS2d 110]—In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Dorsa, J.), entered March 20, 2007, which denied her motion to vacate an order of the same court dated September 21, 2006, granting the defendants' unopposed motion for summary judgment dismissing the complaint on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with costs.

In order to prevail on a motion to vacate a default in opposing a motion, a moving party is required to demonstrate both a reasonable excuse for its default and a meritorious claim (*see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co.,* 67 NY2d 138, 141 [1986]; *Montague v Rivera,* 50 AD3d 656 [2008]; *Perez v Han Ki Man,* 39 AD3d 521 [2007]; *Itskovich v Lichenstadter,* 2 AD3d 406, 407 [2003]; *Beale v Yepes,* 309 AD2d 886, 887 [2003]). Here, the plaintiff failed to do either. The conclusory reasons for the default offered by the plaintiff's counsel were not substantiated by detailed facts and thus were insufficient to constitute a reasonable excuse (*see Montague v Rivera,* 50 AD3d 656 [2008]; *Juarbe v City of New York,* 303 AD2d 462 [2003]). Further, the plaintiff failed to submit competent medical evidence demonstrating that she sustained a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject automobile accident (*see Montague v Rivera,* 50 AD3d 656 [2008]; *Itskovich v Lichenstadter,* 2 AD3d at 407; *Beale v Yepes,* 309 AD2d 886 [2003]; *Waaland v Weiss,* 228 AD2d 435, 436 [1996]). Skelos, J.P., Santucci, Covello, McCarthy and Chambers, JJ., concur.