█ Lucy Blythe, Respondent, v BJ's Wholesale Club, Inc., Defendant, and Phoenix Beverages, Inc., Appellant. (And a Third-Party Action.) [997 NYS2d 635]—

In an action to recover damages for personal injuries, the defendant Phoenix Beverages, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Toussaint, J.), entered April 2, 2014, as denied that branch of

its motion which was pursuant to CPLR 5015 (a) (1) to vacate an order of the same court (Partnow, J.), dated April 24, 2012, granting the plaintiff's unopposed motion for leave to enter judgment against it upon its failure to appear or answer the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

A defendant moving to vacate a default in appearing or answering the complaint pursuant to CPLR 5015 (a) (1) must establish a reasonable excuse for the default and demonstrate the existence of a potentially meritorious defense (*see* CPLR 5015 [a] [1]; *Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co.*, 67 NY2d 138, 141 [1986]; *Hill v Stone*, 113 AD3d 595 [2014]; *Kim v S&M Caterers, Inc.*, 112 AD3d 581 [2013]). Here, the appellant's conclusory allegations that it "misplaced" the summons and complaint, as well as the plaintiff's motion for leave to enter a default judgment against it and the order granting that motion, did not constitute a reasonable excuse for its default (*see generally Mora v Scarpitta*, 52 AD3d 663 [2008]; *Montague v Rivera*, 50 AD3d 656 [2008]; *Matter of Vanessa F.*, 9 AD3d 464 [2004]; *Jackson-Cutler v Long*, 2 AD3d 590 [2003]). Further, the appellant's insurance carrier's lengthy delay before defending the action, without more, was insufficient to establish a reasonable excuse for the default (*see Gartner v Unified Windows, Doors & Siding, Inc.*, 71 AD3d 631, 632 [2010]; *Kramer v Oil Servs., Inc.*, 65 AD3d 523, 523-524 [2009]; *Leifer v Pilgreen Corp.*, 62 AD3d 759, 760 [2009]; *Martinez v D'Alessandro Custom Bldrs. & Demolition, Inc.*, 52 AD3d 786, 787 [2008]). Since the appellant failed to demonstrate a reasonable excuse for its default, this Court need not consider whether it proffered a potentially meritorious defense to the action (*see JP Morgan Chase Bank, N.A. v Russo*, 121 AD3d 1048 [2014]; *Selechnik v Law Off. of Howard R. Birnbach*, 120 AD3d 1220 [2014]; *Deutsche Bank Natl. Trust Co. v Conway*, 99 AD3d 755 [2012]).

The appellant's remaining contentions are either improperly raised for the first time on appeal or without merit. Rivera, J.P., Leventhal, Chambers and Sgroi, JJ., concur.