■ JOSEPH GALGANO et al., Appellants, v MARK R. FLECKNER, Respondent. [9 NYS3d 347]—

In an action to recover damages for medical malpractice and lack of informed consent, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (Feinman, J.), dated February 25, 2013, which denied their motion pursuant to CPLR 5015 (a) to vacate a prior order of the same court entered September 27, 2011, granting the defendant's unopposed motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law and in the exercise of discretion, with costs, the plaintiffs' motion to vacate the order entered September 27, 2011, is granted, and the matter is remitted to the Supreme Court, Nassau County, for a new determination of the defendant's motion for summary judgment in accordance herewith.

The plaintiffs commenced this action to recover damages from the defendant, inter alia, for medical malpractice and lack of informed consent. The defendant moved for summary judgment dismissing the complaint, and noticed the motion to be heard on June 29, 2011. On consent, the parties adjourned the return date of the motion to July 29, 2011. When the defendant's counsel did not consent to a further adjournment, the

plaintiffs' counsel, citing her own personal health issues, requested a second adjournment, which the Supreme Court granted, and the return date was rescheduled for August 12, 2011.

On August 11, 2011, upon experiencing difficulty in obtaining the signed affidavit of the plaintiffs' medical expert, which was needed to oppose the defendant's motion, the plaintiffs' counsel sought an additional brief adjournment from the Supreme Court. This application was denied. After the plaintiffs' counsel unsuccessfully attempted to make a record of the application in open court on the return date, and unsuccessfully tried to contact chambers by telephone to further discuss the application, she eventually served and filed opposition to the defendants' motion for summary judgment without a copy of the expert's affidavit. Two weeks after the motion was submitted, the plaintiffs' counsel sent both the Supreme Court and the defendant's counsel a copy of the unsigned report of the plaintiffs' medical expert, advising the court that she would follow up with a copy of the expert's signed affidavit.

In an order entered September 27, 2011, the Supreme Court granted, as unopposed, the defendant's motion for summary judgment dismissing the complaint. The plaintiffs moved to vacate the order entered September 27, 2011. The Supreme Court denied the motion. The plaintiffs appeal. We reverse.

"In order to vacate a default in opposing a motion pursuant to CPLR 5015 (a) (1), the moving party is required to demonstrate a reasonable excuse for his or her default and a potentially meritorious opposition to the motion" (*Rocco v Family Foot Ctr.*, 94 AD3d 1077, 1079 [2012]; *see Aurora Loan Servs., LLC v Ahmed*, 122 AD3d 557, 558 [2014]; *Piper-Rader v Muslim*, 99 AD3d 686, 687 [2012]).

Here, the plaintiffs provided a reasonable explanation for their failure to timely submit opposition papers to the defendant's motion for summary judgment dismissing the complaint. The record demonstrates that the plaintiffs' counsel experienced difficulty obtaining the signed affidavit from the plaintiffs' retained medical expert, which was necessary to oppose the defendant's motion (*see Efstathiou v Cuzco, LLC*, 51 AD3d 712, 714 [2008]; *see also Hogan v Schwartz*, 119 AD3d 650 [2014]). Furthermore, the plaintiffs demonstrated that they had a potentially meritorious opposition to the defendant's motion for summary judgment.

Accordingly, the Supreme Court improvidently exercised its discretion in denying the plaintiffs' motion pursuant to CPLR 5015 (a) to vacate the order entered September 27, 2011, and

we remit the matter to the Supreme Court, Nassau County, for a new determination of the defendant's motion for summary judgment on the merits, taking into consideration the plaintiffs' opposition papers, including the affidavit of their medical expert. Skelos, J.P., Austin, Miller and Hinds-Radix, JJ., concur.