■ Maiko Iijima-Hernandez et al., Appellants, v City of New York, Respondent. [24 NYS3d 162]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Ash, J.), dated August 13, 2014, which denied their motion pursuant to CPLR 5015 (a) to vacate an order of the same court dated April 24, 2013, granting that branch of the defendant's motion which was for summary judgment dismissing the complaint upon their failure to oppose the motion and denying their oral application for an adjournment.

Ordered that the order dated August 13, 2014, is reversed, on the facts and in the exercise of discretion, with costs, the plaintiffs' motion to vacate the order dated April 24, 2013, is granted, and the matter is remitted to the Supreme Court, Kings County, for a new determination of the defendant's motion, inter alia, for summary judgment dismissing the complaint.

In March 2010, the plaintiff Maiko Iijima-Hernandez allegedly sustained personal injuries when a street sign fell on her left shoulder. She filed a claim against the City of New York and complied with all requisite procedural formalities before commencing this action. Upon completion of disclosure, the plaintiffs filed a note of issue. Approximately four months later, the defendant filed a motion, inter alia, for summary judgment dismissing the complaint. In the immediate aftermath of Hurricane Sandy, the motion was adjourned until December 2012. The motion was then adjourned several more times, by consent of the parties, until March of 2013.

At that time, the parties signed a so-ordered briefing schedule which adjourned the return date of the motion to April 24, 2013, and required the plaintiffs to file opposition papers by April 1, 2013. The plaintiffs appeared before the Supreme Court on April 24, 2013, to request an additional adjournment. However, in an order dated April 24, 2013, the court denied the plaintiffs' application for an adjournment and, upon their failure to oppose the motion, granted the branch of the defendant's motion which was for summary judgment dismissing the complaint. The plaintiffs moved to vacate that order pursuant to CPLR 5015 (a). The court denied their motion.

"In order to vacate a default in opposing a motion pursuant to CPLR 5015 (a) (1), the moving party is required to demonstrate a reasonable excuse for his or her default and a potentially meritorious opposition to the motion" (*Rocco v Family Foot Ctr.*, 94 AD3d 1077, 1079 [2012]). Here, the plaintiffs

satisfied this burden (*see Galgano v Fleckner*, 128 AD3d 769 [2015]). Accordingly, the Supreme Court should have granted the plaintiffs' motion pursuant to CPLR 5015 (a) to vacate the order dated April 24, 2013, denying their oral application for an adjournment and, upon their failure to oppose the motion, granting that branch of the defendant's motion which was for summary judgment dismissing the complaint. Rivera, J.P., Chambers, Sgroi and LaSalle, JJ., concur.