■ JAMAL HAMILTON, Respondent, v ADRIATIC DEVELOPMENT CORP. et al., Respondents, and R AND B DRYWALL CORP., Appellant. [55 NYS3d 106]—

In an action to recover damages for personal injuries, the defendant R and B Drywall Corp. appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Asher, J.), dated November 6, 2015, as denied its motion to vacate its default in opposing the separate motions of the plaintiff and the defendants Adriatic Development Corp. and Half Hollow Construction Co., LLC, to strike its answer for failure to submit to a deposition and to vacate an order of the same court dated April 2, 2014, granting the separate unopposed motions to strike its answer.

Ordered that the order is affirmed insofar as appealed from, with costs to the plaintiff-respondent.

The plaintiff commenced this action to recover damages for personal injuries against the defendant R and B Drywall Corp. (hereinafter the defendant) and others. The defendant's insurer initially disclaimed coverage, and the defendant answered through an attorney it retained. Eventually, the plaintiff moved to strike the defendant's answer for failure to produce a witness for a deposition. Five days later, the defendant's counsel wrote to the Supreme Court, indicating that the defendant had instructed him to cease defending the action. The defendants Adriatic Development Corp. and Half Hollow Construction Co., LLC (hereinafter together the codefendants), thereafter separately moved to strike the defendant's answer. The defendant did not oppose the plaintiff's motion or the codefendants' motion, and the motions were granted in an order dated April 2, 2014. Almost one year later, the defendant moved to vacate its default in opposing the motions to strike its answer and to vacate the order dated April 2, 2014. The court denied the defendant's motion.

A party seeking to vacate an order entered upon its default in opposing a motion must demonstrate both a reasonable excuse for the default and a potentially meritorious opposition to the motion (*see* CPLR 5015 [a] [1]; *Paul v Weatherwax*, 146 AD3d 792 [2017]; *Santos v Penske Truck Leasing Co.*, 105 AD3d

1029 [2013]). The determination of what constitutes a reasonable excuse lies within the sound discretion of the Supreme Court (*see Lyubomirsky v Lubov Arulin, PLLC*, 125 AD3d 614 [2015]).

Here, the defendant made a decision to terminate its defense in this case five days after the plaintiff moved to strike its answer and, thus, chose not to oppose the motions to strike its answer (*see generally Gironda v Katzen*, 19 AD3d 644 [2005]). Under the circumstances, the defendant's insurer's delay in defending the action, without more, was insufficient to establish a reasonable excuse for that default (*see Blythe v BJ's Wholesale Club, Inc.*, 123 AD3d 1073 [2014]; *Gartner v Unified Windows, Doors & Siding, Inc.*, 71 AD3d 631, 632 [2010]). Further, although the defendant's counsel asserts that the defendant's insurer ultimately decided to undertake the defense in "late 2013," the defendant waited until a conference scheduled for April 8, 2014, to request permission from the Supreme Court for an adjournment to file opposition (*cf. Iijima-Hernandez v City of New York*, 135 AD3d 823 [2016]). By that time, the motions had already been decided. Upon so learning, the defendant did not move to vacate its default for a period of almost one year (*see Wright v City of Poughkeepsie*, 136 AD3d 809 [2016]; *TD Bank, N.A. v Spector*, 114 AD3d 933, 934 [2014]).

Under these circumstances, the Supreme Court did not improvidently exercise its discretion in concluding that the defendant failed to proffer a reasonable excuse for its default in opposing the motions to strike its answer. Inasmuch as the defendant failed to demonstrate a reasonable excuse for its default, we need not consider whether it offered a potentially meritorious opposition to the motions (*see New Century Mtge. Corp. v Chimmiri*, 146 AD3d 893 [2017]; *Delvalle v Mercedes Benz USA, LLC*, 117 AD3d 893, 894 [2014]). Mastro, J.P., Leventhal, Hall and Sgroi, JJ., concur.