Bank of N.Y. v Attia (2019 NY Slip Op 03310)





Bank of N.Y. v Attia


2019 NY Slip Op 03310


Decided on May 1, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 1, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
RUTH C. BALKIN
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER, JJ.


2016-05826
2017-01997
 (Index No. 16454/08)

[*1]Bank of New York, etc., respondent, 
v
Ofer Attia, et al., appellants, et al., defendants.


Zisholtz & Zisholtz, LLP, Mineola, NY (Stuart S. Zisholtz of counsel), for appellants.
Akerman LLP, New York, NY (Jordan M. Smith and Ashley S. Miller of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Ofer Attia and Michal Attia appeal from (1) an order of the Supreme Court, Westchester County (Joan B. Lefkowitz, J.), entered April 1, 2016, and (2) an order of the same court entered January 24, 2017. The order entered April 1, 2016, insofar as appealed from, denied those branches of those defendants' motion which were to vacate and set aside a judgment of foreclosure and sale entered September 9, 2009, and a foreclosure sale held on August 12, 2015. The order entered January 24, 2017, insofar as appealed from, denied those branches of those defendants' motion which were for leave to renew those branches of their prior motion which were to vacate and set aside the judgment of foreclosure and sale entered September 9, 2009, and the foreclosure sale held on August 12, 2015, and to dismiss the action insofar as asserted against them.
ORDERED that the orders are affirmed insofar as appealed from, with one bill of costs.
In July 2008, the plaintiff commenced this action against Ofer Attia and Michal Attia (hereinafter together the defendants) to foreclose a mortgage. The defendants interposed a pro se answer dated August 12, 2008, and an undated "modified answer" filed on November 5, 2008. The plaintiff moved, inter alia, for summary judgment on the complaint. The defendants did not oppose the motion. By order dated May 22, 2009, the Supreme Court, among other things, granted the plaintiff's motion, struck the defendants' answer and modified answer, directed that the answer and modified answer be treated as a limited notice of appearance, and referred the matter to a referee. Thereafter, on September 9, 2009, the court entered a judgment of foreclosure and sale.
Approximately six years later, in September 2015, the defendants moved, inter alia, to vacate and set aside the judgment of foreclosure and sale and a foreclosure sale held on August 12, 2015. By order entered April 1, 2016, the Supreme Court, among other things, denied those branches of the motion. The defendants moved for leave to renew those branches of the motion, and [*2]to dismiss the action insofar as asserted against them. By order entered January 24, 2017, the court, inter alia, denied those branches of the motion. The defendants appeal.
We agree with the Supreme Court's determination to deny those branches of the defendants' motion which were to vacate and set aside the judgment of foreclosure and sale and a foreclosure sale held on August 12, 2015. A party seeking to vacate an order entered upon its default in opposing a motion must demonstrate both a reasonable excuse for the default and a potentially meritorious opposition to the motion (see CPLR 5015[a][1]; Wells Fargo Bank, N.A. v Syed, 160 AD3d 914, 915; Hamilton v Adriatic Dev. Corp., 150 AD3d 835, 835). The defendants failed to submit a reasonable excuse for their default in opposing the plaintiff's summary judgment motion, as they offered no excuse for that failure (see Wells Fargo Bank v Syed, 160 AD3d at 915; Hamilton v Adriatic Dev. Corp., 150 AD3d at 835-836). Inasmuch as the defendants failed to demonstrate a reasonable excuse for their default, we need not reach the issue of whether they offered a potentially meritorious opposition to the motion (see Wells Fargo Bank v Syed, 160 AD3d at 915; Hamilton v Adriatic Dev. Corp., 150 AD3d at 835-836).
Moreover, contrary to the defendants' contention, the alleged failure of the plaintiff to provide them with, among other things, the referee's report and notice of the plaintiff's motion to confirm the report and for a judgment of foreclosure and sale, was not a basis to vacate the judgment of foreclosure and sale and the sale of the subject property. "A motion to vacate pursuant to CPLR 5015 must be made within a reasonable time" (Matter of McLaughlin, 111 AD3d 1185, 1186 [internal quotation marks omitted]; see Long Is. Sav. Bank v Mihalios, 269 AD2d 502, 503). Here, the defendants' delay in moving to vacate the judgment of foreclosure and sale was unreasonable. Notice of entry of the judgment of foreclosure and sale was served on the defendants on September 21, 2009, and the defendants failed to move to vacate the judgment until approximately six years later.
A motion for leave to renew must be based upon new facts not offered on the prior motion which would change the prior determination, and must contain a reasonable justification for the failure to present such facts on the prior motion (see CPLR 2221[e][2]). Here, in support of their motion to renew, the defendants failed to present new facts that would change the prior determination. Accordingly, we agree with the Supreme Court's determination denying those branches of the defendants' motion which were for leave to renew those branches of their prior motion which were to vacate and set aside the judgment of foreclosure and sale and the sale of the subject property, and to dismiss the action insofar as asserted against them.
SCHEINKMAN, P.J., BALKIN, HINDS-RADIX and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court