Bank of N.Y. Mellon v Van Roten (2020 NY Slip Op 01471)





Bank of N.Y. Mellon v Van Roten


2020 NY Slip Op 01471


Decided on March 4, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 4, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
HECTOR D. LASALLE
BETSY BARROS, JJ.


2017-02270
 (Index No. 10287/15)

[*1]Bank of New York Mellon, etc., respondent,
v
Gregory Van Roten, appellant, et al., defendants.


Steven L. Kessler, New York, NY (Eric M. Wagner of counsel), for appellant.
Blank Rome LLP, New York, NY (Diana M. Eng and Timothy W. Salter of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to cancel a satisfaction of mortgage recorded in Nassau County and to reinstate the mortgage lien, the defendant Gregory Van Roten appeals from an order of the Supreme Court, Nassau County (Julianne T. Capetola, J.), entered December 28, 2016. The order, insofar as appealed from, denied the motion of the defendant Gregory Van Roten pursuant to CPLR 3012(d) to compel the plaintiff to accept his late answer and granted that branch of the plaintiff's cross motion which was pursuant to CPLR 3215 for leave to enter a default judgment against that defendant.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In November 2015, the plaintiff commenced this action against the defendant Gregory Van Roten (hereinafter the defendant) and others to cancel a satisfaction of mortgage dated December 22, 2010, and recorded in Nassau County on January 3, 2011, and to reinstate the mortgage lien. The satisfaction of mortgage indicated that a mortgage dated September 15, 2005, in the sum of $628,000 against real property located in Nassau County had been released and satisfied in full. The plaintiff alleged in the verified complaint that it was the holder of the subject mortgage, and that the mortgage debt had not been satisfied in full.
On October 31, 2016, approximately seven months after the expiration of his time to appear or answer, the defendant moved pursuant to CPLR 3012(d) to compel the plaintiff to accept his late answer. The plaintiff opposed the motion and cross-moved, among other things, pursuant to CPLR 3215 for leave to enter a default judgment against the defendant. In an order entered December 28, 2016, the Supreme Court, inter alia, denied the defendant's motion and granted that branch of the plaintiff's cross motion which was for leave to enter a default judgment against the defendant. The defendant appeals.
"To extend the time to answer the complaint and to compel the plaintiff to accept an untimely answer as timely, a defendant must provide a reasonable excuse for the delay and demonstrate a potentially meritorious defense to the action" (Bank of N.Y. Mellon v Tedesco, 174 AD3d 490, 491; see Aurora Loan Servs., LLC v Movtady, 165 AD3d 1025, 1027). Here, the defendant's allegations of an insurer-related delay, without more, were insufficient to establish a [*2]reasonable excuse for his default (see Hamilton v Adriatic Dev. Corp., 150 AD3d 835, 836; Blythe v BJ's Wholesale Club, Inc., 123 AD3d 1073, 1073; Gartner v Unified Windows, Doors & Siding, Inc., 71 AD3d 631, 632). Accordingly, we need not address whether he has a potentially meritorious defense to the action (see New Century Mtge. Corp. v Corriette, 117 AD3d 1011).
" On a motion for leave to enter a default judgment against a defendant based on the failure to answer or appear, a plaintiff must submit proof of service of the summons and complaint, proof of the facts constituting the cause of action, and proof of the defendant's default"' (U.S. Bank N.A. v Gilchrist, 172 AD3d 1425, 1427, quoting L & Z Masonry Corp. v Mose, 167 AD3d 728, 729; see CPLR 3215[f]). "Given that in default proceedings the defendant has failed to appear and the plaintiff does not have the benefit of discovery," the plaintiff's proof "need only allege enough facts to enable a court to determine that a viable cause of action exists" (Woodson v Mendon Leasing Corp., 100 NY2d 62, 70-71; see L & Z Masonry Corp. v Mose, 167 AD3d at 729).
Here, the plaintiff, in essence, sought to be restored to its original status as a lienholder. " Generally, a lien affecting real estate, satisfied through mistake, may be restored to its original status and priority as a lien, provided that no one innocently relied upon the discharge and either purchased the property or made a loan thereon in reliance upon the validity of that satisfaction'" (U.S. Bank N.A. v Noble, 144 AD3d 788, 789, quoting DLJ Mtge. Capital, Inc. v Windsor, 78 AD3d 645, 647). Contrary to the defendant's contention, the plaintiff offered sufficient proof of a viable cause of action to be restored to its original status as a lienholder in the subject property.
The defendant's remaining contention is without merit.
CHAMBERS, J.P., AUSTIN, LASALLE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court