Maldonado v Mosquera (2020 NY Slip Op 04934)





Maldonado v Mosquera


2020 NY Slip Op 04934


Decided on September 16, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 16, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SHERI S. ROMAN
JOSEPH J. MALTESE
BETSY BARROS, JJ.


2018-08505
 (Index No. 69904/17)

[*1]David Maldonado, appellant, 
v
Jonathan A. Mosquera, defendant, City of Peekskill, et al., respondents.


Herschel Kulefsky (Ephrem J. Wertenteil, New York, NY, of counsel), for appellant.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (Charles D. Wood, J.), dated June 13, 2018. The order denied the plaintiff's motion pursuant to CPLR 3215 for leave to enter a default judgment against the defendants City of Peekskill and City of Peekskill Police Department, directed the City of Peekskill and the City of Peekskill Police Department to serve an answer, and directed the plaintiff to accept their answer.
ORDERED that the order is reversed, on the law, with costs, and the plaintiff's motion pursuant to CPLR 3215 for leave to enter a default judgment against the defendants City of Peekskill and City of Peekskill Police Department is granted.
The plaintiff, a pedestrian, allegedly was struck by a vehicle that was owned and operated by the defendant Jonathan A. Mosquera, who was operating the vehicle in the course of his employment with the defendants City of Peekskill and City of Peekskill Police Department (hereinafter together the Peekskill defendants). The plaintiff commenced this personal injury action against Mosquera and the Peekskill defendants by the filing of a summons and complaint that was served in December 2017.
By notice of motion dated March 14, 2018, the plaintiff moved pursuant to CPLR 3215 for leave to enter a default judgment against the Peekskill defendants based upon their failure to serve an answer. The Peekskill defendants opposed this motion, and requested leave to serve an answer. In the order appealed from, the Supreme Court denied the plaintiff's motion for leave to enter a default judgment, directed the Peekskill defendants to serve an answer, and directed the plaintiff to accept their answer. The plaintiff appeals.
"On a motion for leave to enter a default judgment pursuant to CPLR 3215, a plaintiff is required to submit proof of service of the summons and complaint, the facts constituting the cause of action, and the defendant's default in answering or appearing" (Clarke v Liberty Mut. Fire Ins. Co., 150 AD3d 1192, 1194). Here, the plaintiff satisfied all of the requirements for demonstrating his entitlement to leave to enter a default judgment (see Zhuoya Luo v Wen Sheng Wang, 176 AD3d 1016, 1017-1018; Loughran v Giannoti, 160 AD3d 709, 710).
In order to successfully oppose a motion for leave to enter a default judgment, a defendant who has failed to timely appear or answer the complaint must provide a reasonable excuse [*2]for the default and demonstrate the existence of a potentially meritorious defense to the action (see Fried v Jacob Holding, Inc., 110 AD3d 56, 60; cf. CPLR 5015[a][1]; Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d 138, 141).
Here, the Peekskill defendants' conclusory explanation that their attorney misplaced the file and that the office was understaffed was insufficient to establish a reasonable excuse for the default (see Blythe v BJ's Wholesale Club, Inc., 123 AD3d 1073, 1074; Robinson v New York City Tr. Auth., 203 AD2d 351, 351). Since the Peekskill defendants failed to demonstrate a reasonable excuse for their default, this Court need not consider whether they proffered a potentially meritorious defense to the action (see Blythe v BJ's Wholesale Club, Inc., 123 AD3d at 1074; Kim v S & M Caterers, Inc., 112 AD3d 581).
Accordingly, the Supreme Court should have granted the plaintiff's motion pursuant to CPLR 3215 for leave to enter a default judgment against the Peekskill defendants.
MASTRO, J.P., ROMAN, MALTESE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court