Camille v Federation of Prot. Welfare Agencies, Inc. (2024 NY Slip Op 06182)

Camille v Federation of Prot. Welfare Agencies, Inc.

2024 NY Slip Op 06182

Decided on December 11, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 11, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
WILLIAM G. FORD
HELEN VOUTSINAS
DONNA-MARIE E. GOLIA, JJ.

2022-10109
 (Index No. 520811/21)

[*1]Marvens Camille, appellant, 
v
Federation of Protestant Welfare Agencies, Inc., respondent, et al., defendants.

Hasapidis Law Offices, South Salem, NY (Annette G. Hasapidis of counsel), for appellant.
Herrick, Feinstein LLP, New York, NY (Avery S. Mehlman of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Laurence L. Love, J.), dated October 27, 2022. The order, insofar as appealed from, (1) granted the motion of the defendant Federation of Protestant Welfare Agencies, Inc., to extend its time to answer, move, or otherwise respond to the complaint, (2) granted that defendant's separate motion pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it, and (3) denied the plaintiff's cross-motion for leave to enter a default judgment against that defendant.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action pursuant to the revival statute enacted as part of the Child Victims Act (see CPLR 214-g). The plaintiff alleged that in 2002, he was abused by Hezekiah Malloy, Jr., a staff member of the defendant Learner's Haven Early Childhood Educational Center, Inc. (hereinafter Learner's Haven), which operated a day care center. The plaintiff alleged, in relevant part, that in 2002, Learner's Haven was operating under the supervision and control of the defendant Federation of Protestant Welfare Agencies, Inc. (hereinafter the Federation), and, therefore, the Federation owed the plaintiff a duty to use reasonable care to protect his safety while under its care and custody. The plaintiff further alleged that the Federation and Malloy were in a special employer-employee relationship and that the Federation "owed a duty to control the acts and conduct of Malloy to prevent foreseeable harm," including to prevent him from perpetrating sexual abuse.
Although the Federation was served with process via service upon the Secretary of State, according to an affirmation of the Federation's attorney, the Federation did not become aware of the complaint until two months later when a codefendant alerted it of the action. The Federation immediately retained counsel and moved to extend its time to answer, move, or otherwise respond to the complaint. The Federation also made a separate motion pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it. The plaintiff cross-moved for leave to enter a default judgment against the Federation. By order dated October 27, 2022, the Supreme Court, inter alia, granted both motions of the Federation and denied the plaintiff's cross-motion. The plaintiff [*2]appeals.
"'To extend the time to answer the complaint . . . a defendant must provide a reasonable excuse for the delay and demonstrate a potentially meritorious defense to the action'" (Bank of N.Y. Mellon v Van Roten, 181 AD3d 549, 549, quoting Bank of N.Y. Mellon v Tedesco, 174 AD3d 490, 491). "The determination of what constitutes a reasonable excuse lies within the sound discretion of the Supreme Court" (Bank of Am., N.A. v Viener, 172 AD3d 795, 796; see U.S. Bank N.A. v Sachdev, 128 AD3d 807, 807-808). Whether there is a reasonable excuse for a default is "a discretionary, sui generis determination to be made by the court based on all relevant factors, including the extent of the delay, whether there has been prejudice to the opposing party, whether there has been willfulness, and the strong public policy in favor of resolving cases on the merits" (ZG Palmetto, LLC v Alongi, 230 AD3d 1194, 1196 [internal quotation marks omitted]).
Here, the record does not establish that the plaintiff was prejudiced by the Federation's two-month delay in responding to the complaint, and the plaintiff had the opportunity to argue that it had been prejudiced in the motion papers before the Supreme Court but did not (see id.; Velez v Mr. Demolition, Inc., 172 AD3d 1140, 1142). There is also no evidence in the record to support the fact that the Federation's delay was willful (see ZG Palmetto, LLC v Alongi, 230 AD3d at 1196). Accordingly, the court providently exercised its discretion in determining that the Federation provided a reasonable excuse for its delay.
With respect to a potentially meritorious defense, the Federation submitted an affidavit of its executive director, Jennifer Jones Austin, who stated that the Federation was an "anti-poverty policy and advocacy organization" that "is not and has never been a direct service provider" and "does not and has never employed teachers, day care workers, or other similarly situated individuals that qualify as mandated reporters." Austin attested that the Federation "never had an employee by the name of Hezekiah Malloy, Jr." The Federation also submitted its 2002 annual report, which contained a list of employees and member agencies. The evidence submitted by the Federation was sufficient to demonstrate a potentially meritorious defense to the action (see Galatro v Lake Pointe Owners, Inc., 230 AD3d 1111, 1113). Further, there is strong public policy that favors resolving cases on the merits (see ZG Palmetto, LLC v Alongi, 230 AD3d at 1197).
"'On a motion to dismiss pursuant to CPLR 3211(a)(7), the complaint is to be afforded a liberal construction, the facts alleged are presumed to be true, the plaintiff is afforded the benefit of every favorable inference, and the court is to determine only whether the facts as alleged fit within any cognizable legal theory'" (Clevenger v Yuzek, 222 AD3d 931, 934, quoting Gorbatov v Tsirelman, 155 AD3d 836, 837). "Where evidentiary material is submitted and considered on a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), and the motion is not converted into one for summary judgment, the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one and, unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, dismissal shall not eventuate" (Clevenger v Yuzek, 222 AD3d at 934).
"Although the facts pleaded are presumed to be true and are to be accorded every favorable inference, 'bare legal conclusions as well as factual claims flatly contradicted by the record are not entitled to any such consideration,' nor are legal conclusions or factual claims which are inherently incredible entitled to any such consideration" (Strunk v New York State Bd. of Elections, 126 AD3d 777, 778, quoting Riback v Margulis, 43 AD3d 1023, 1023 [citations omitted]; see Cordell Marble Falls, LLC v Kelly, 191 AD3d 760, 762). Generally, "[a]ffidavits submitted by a defendant 'will almost never warrant dismissal under CPLR 3211 unless they establish conclusively that [the plaintiff] has no cause of action'" (Bianco v Law Offs. of Yuri Prakhin, 189 AD3d 1326, 1328, quoting Lawrence v Graubard Miller, 11 NY3d 588, 595 [alteration omitted]).
Here, the evidence submitted by the Federation conclusively established that the plaintiff has no cause of action against it. Therefore, the Supreme Court properly granted the Federation's motion pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it (see Langley v Melville Fire Dist., 213 AD3d 748, 751; Bianco v Law Offs. of Yuri Prakhin, 189 AD3d at 1328-1329).
The remaining contentions of the plaintiff and the Federation are without merit.
LASALLE, P.J., FORD, VOUTSINAS and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court