Wong v 75 Baxter Owner, LLC (2026 NY Slip Op 01245)

Wong v 75 Baxter Owner, LLC

2026 NY Slip Op 01245

Decided on March 4, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 4, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
BARRY E. WARHIT
LOURDES M. VENTURA
DONNA-MARIE E. GOLIA, JJ.

2024-05392
 (Index No. 506597/23)

[*1]Annie Y. Wong, appellant, 
v75 Baxter Owner, LLC, respondent, et al., defendant.

Steven Louros, New York, NY, for appellant.
Michael E. Pressman, New York, NY (Gregory Jakubow of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from a corrected order of the Supreme Court, Kings County (Rupert V. Barry, J.), dated March 6, 2024. The corrected order, insofar as appealed from, in effect, denied that branch of the plaintiff's motion which was for leave to enter a default judgment against the defendant 75 Baxter Owner, LLC.
ORDERED that the corrected order is reversed insofar as appealed from, on the law, with costs, and that branch of the plaintiff's motion which was for leave to enter a default judgment against the defendant 75 Baxter Owner, LLC, is granted.
In March 2023, the plaintiff commenced this action to recover damages for personal injuries allegedly sustained in a slip-and-fall accident that occurred on premises owned by the defendant 75 Baxter Owner, LLC (hereinafter 75 Baxter), and operated by the defendant Bail NYC, LLC (hereinafter Bail NYC). A process server stated in an affidavit that she served 75 Baxter pursuant to Limited Liability Company Law § 303(a) by personal delivery to a person authorized by the Secretary of State to receive such service. 75 Baxter failed to answer the complaint.
In December 2023, the plaintiff moved for leave to enter a default judgment against 75 Baxter and Bail NYC. 75 Baxter failed to oppose the motion. On March 6, 2024, the plaintiff and counsel for 75 Baxter appeared before the Supreme Court at the call of the motion calendar. 75 Baxter attempted to serve its answer upon the plaintiff, which the plaintiff rejected as untimely. In a corrected order dated March 6, 2024, the court, among other things, in effect, denied that branch of the plaintiff's motion which was for leave to enter a default judgment against 75 Baxter. The plaintiff appeals.
"On a motion pursuant to CPLR 3215 for leave to enter a default judgment, a plaintiff is required to submit proof of service of the summons and complaint, 'proof of the facts constituting the claim,' and proof of the defendant's default" (Mr. Cooper v Benbow, 229 AD3d 621, 623, quoting CPLR 3215[f]; see Hersko v Hersko, 224 AD3d 810, 812). "In order to successfully oppose a motion for leave to enter a default judgment, a defendant who has failed to timely appear or answer the complaint must provide a reasonable excuse for the default and demonstrate the existence of a potentially meritorious defense to the action" (Maldonado v Mosquera, 186 AD3d 1352, 1353; see Pemberton v Montoya, 216 AD3d 988, 989).
Here, in support of its motion for leave to enter a default judgment, the plaintiff submitted proof of service of the summons and complaint, proof of the facts constituting the claim, and proof of 75 Baxter's failure to appear or answer the complaint (see Gold v Wallace, 230 AD3d 1113, 1115; Austin 26 Dental Group, PLLC v Sino Northeast Metals [U.S.A.], Inc., 230 AD3d 545, 547-548; Jacob v Siberian Ice, LLC, 170 AD3d 1132, 1134).
Because 75 Baxter failed to oppose the plaintiff's motion, it failed to meet its burden of establishing a reasonable excuse (see Lancer Ins. Co. v Fishkin, 211 AD3d 719, 721). Accordingly, the Supreme Court should have granted that branch of the plaintiff's motion which was for leave to enter a default judgment against 75 Baxter.
In light of the foregoing, the plaintiff's remaining contention need not be reached.
75 Baxter's remaining contention is without merit.
BARROS, J.P., WARHIT, VENTURA and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court