In an action to foreclose a mortgage, the defendants Joseph Spector, also known as Joseph L. Spector, and Marilyn Moriber-Spector, also known as Marilyn J. Moriber-Spector, also known as Marilyn Moriber, appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Adams, J.), entered February 21, 2012, as denied those branches of their motion which were to vacate their default in appearing or answering the complaint and to dismiss the complaint insofar as asserted against them based upon the plaintiffs alleged failure to comply with the notice provisions of the mortgage or to serve notice of their default as required by RPAPL 1304.
*934 Ordered that the order is affirmed insofar as appealed from, with costs.
A defendant seeking to be relieved of his or her default in appearing or answering the complaint must establish both a reasonable excuse for the default and a potentially meritorious defense to the action (see CPLR 5015 [a] [1]; Sussman v Jo-Sta Realty Corp., 99 AD3d 787 [2012]). Here, the appellants failed to establish a reasonable excuse for their failure to appear or answer the complaint (see Gironda v Katzen, 19 AD3d 644, 645 [2005]). Moreover, the appellants did not establish a reasonable excuse for their more than one-year delay in moving to vacate their default (see Karalis v New Dimensions HR, Inc., 105 AD3d 707, 708 [2013]; Arias v First Presbyt. Church in Jamaica, 100 AD3d 940, 941 [2012]). Therefore, the Supreme Court properly denied that branch of the appellants’ motion which was to vacate their default.
In light of the appellants’ failure to establish a reasonable excuse for their default, it is unnecessary to determine whether they demonstrated the existence of potentially meritorious defenses to the action (see Diederich v Wetzel, 112 AD3d 883 [2013]; Arias v First Presbyt. Church in Jamaica, 100 AD3d at 941).
The appellants’ remaining contention is without merit. Skelos, J.P, Dickerson, Chambers and Miller, JJ., concur.