■ BANK OF NEW YORK, as Trustee for the Certificateholders CWABS, INC. ASSET-BACKED CERTIFICATES, SERIES 2006-22, Appellant, v IVAN YOUNG, Respondent, et al., Defendants. [2 NYS3d 127]—

In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Spinner, J.), dated March 7, 2013, which denied its motion, in effect, to vacate a prior order of the same court dated July 18, 2011, granting the unopposed motion of the defendant Ivan Young pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against him for lack of standing and lack of personal jurisdiction.

Ordered that the order dated March 7, 2013, is affirmed, with costs.

The plaintiff commenced this mortgage foreclosure action in 2008, alleging that the defendant Ivan Young failed to comply with the conditions of the mortgage by not making the payments due thereunder. In April 2010, Young moved pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against him for lack of standing and lack of personal jurisdiction. The plaintiff did not oppose the motion. In an order dated July 18, 2011, the Supreme Court granted Young's unopposed motion. Thereafter, the plaintiff moved, in effect, to vacate the order dated July 18, 2011. In an order dated March 7, 2013, the Supreme Court treated the plaintiff's motion as one for leave to reargue and renew, and denied the motion. However, since the order dated July 18, 2011, was entered upon the plaintiff's failure to oppose Young's motion, the Supreme Court should have treated the plaintiff's motion solely as a motion to vacate the order dated July 18, 2011.

Although the Supreme Court incorrectly treated the plaintiff's motion as one for leave to reargue, it nonetheless did not err in denying the motion (*see Schenk v Staten Is. Univ. Hosp.*, 108 AD3d 661, 662 [2013]). A party seeking to vacate an order entered upon his or her failure to oppose a motion must demonstrate both a reasonable excuse for the default and a potentially meritorious opposition to the motion (*see* CPLR 5015 [a] [1]; *Oller v Liberty Lines Tr., Inc.*, 111 AD3d 903, 904 [2013]; *Schenk v Staten Is. Univ. Hosp.*, 108 AD3d at 662; *Smyth v Getty Petroleum Mktg., Inc.*, 103 AD3d 790 [2013]). Here, the plaintiff's bare allegation of law office failure was insufficient to show a reasonable excuse for its default (*see Carillon Nursing & Rehabilitation Ctr., LLP v Fox*, 118 AD3d 933 [2014]; *Bravo v New York City Hous. Auth.*, 253 AD2d 510 [1998]; *cf. 1158 Props., LLC v 1158 McDonald, LLC*, 104 AD3d 658 [2013]).

As the plaintiff failed to show a reasonable excuse for its default, there is no need to address the parties' remaining contentions (*see HSBC Bank USA, N.A. v Lafazan*, 115 AD3d 647, 648 [2014]; *U.S. Bank N.A. v Stewart*, 97 AD3d 740 [2012]).

Since the order dated July 18, 2011, is not before us, we do not reach the propriety of the Supreme Court's inclusion of the term "with prejudice" in that order. Rivera, J.P., Leventhal, Chambers and Sgroi, JJ., concur.