■ CITIMORTGAGE, INC., Respondent, v ARTHUR STOVER, Also Known as W. ARTHUR STOVER, Appellant, et al., Defendant. [2 NYS3d 147]—

In an action to foreclose a mortgage, the defendant Arthur Stover appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Spinner, J.), dated January 29, 2013, as denied those branches of his motion which were, in effect, to vacate his default in answering the complaint and to dismiss the complaint insofar as asserted against him based on lack of personal jurisdiction and lack of standing, or for leave to serve a late answer.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff commenced this mortgage foreclosure action in April 2008, alleging that the defendant Arthur Stover (hereinafter the defendant) failed to comply with the conditions of the mortgage by not making the payments due thereunder. The defendant did not appear or answer the complaint. On April 30, 2009, the plaintiff's motion for an order of reference was granted based upon, inter alia, proof of the defendant's default. On February 29, 2012, the defendant moved, among other things, in effect, to vacate his default in answering the complaint and to dismiss the complaint insofar as asserted against him based on lack of personal jurisdiction and lack of standing, or for leave to serve a late answer. In the order appealed from, the Supreme Court denied the subject branches of the defendant's motion.

A defendant seeking to vacate a default in answering a complaint and to compel the plaintiff to accept an untimely answer must show both a reasonable excuse for the default and the existence of a potentially meritorious defense (see CPLR 2004, 3012 [d]; Chase Home Fin., LLC v Minott, 115 AD3d 634 [2014]; Community Preserv. Corp. v Bridgewater Condominiums, LLC, 89 AD3d 784 [2011]; Taddeo-Amendola v 970 Assets, LLC, 72 AD3d 677 [2010]). Here, the defendant failed to demonstrate a reasonable excuse for his default. In light of the defendant's failure to offer a reasonable excuse, it is unnecessary to consider whether he sufficiently demonstrated a potentially meritorious defense (see HSBC Bank USA, N.A. v Lafazan, 115 AD3d 647, 648 [2014]; U.S. Bank N.A. v Stewart, 97 AD3d 740 [2012]; see also HSBC Bank USA, N.A. v Roldan, 80 AD3d 566, 567 [2011]).

The defendant's remaining contentions are without merit.

Accordingly, the Supreme Court properly denied those branches of the defendant's motion which were, in effect, to vacate his default in answering the complaint and to dismiss

the complaint insofar as asserted against him based on lack of personal jurisdiction and lack of standing, or for leave to serve a late answer. Leventhal, J.P., Chambers, Hall and Duffy, JJ., concur.