■ MALIKA WRIGHT, as Mother and Natural Guardian of GLENTON WRIGHT, Appellant, v CITY OF POUGHKEEPSIE et al., Respondents. [24 NYS3d 523]—

In an action, inter alia, to recover damages for assault and battery, and intentional infliction of emotional distress, the plaintiff appeals from an order of the Supreme Court, Dutchess County (Brands, J.), dated January 9, 2015, which denied her motion to vacate a prior order of the same court dated October 15, 2013, dismissing the complaint based on her failure to appear at a compliance conference.

Ordered that the order dated January 9, 2015, is affirmed, with costs.

To vacate her default in appearing at a scheduled compliance conference, the plaintiff was required to demonstrate both a reasonable excuse and a potentially meritorious cause of action (*see* CPLR 5015 [a] [1]; *Citicorp Trust Bank, FSB v Makkas*, 127 AD3d 907, 907-908 [2015]; *Selechnik v Law Off. of Howard R. Birnbach*, 120 AD3d 1220, 1220 [2014]). Although the court has discretion to accept law office failure as a reasonable excuse, a pattern of willful default and neglect should not be excused (*see Betz v Carbone*, 126 AD3d 743, 744 [2015]; *Roussodimou v Zafiriadis*, 238 AD2d 568, 569 [1997]). Here, the repeated failure of the plaintiff's attorney to appear on scheduled conference dates and to keep apprised of court dates constituted a pattern of willful default and neglect which cannot be excused (*see Whitestone Constr. Corp. v Nova Cas. Co.*, 129 AD3d 831, 832 [2015]; *Selechnik v Law Off. of Howard R. Birnbach*, 120 AD3d at 1220; *Brownfield v Ferris*, 49 AD3d 790, 791 [2008]). Moreover, the plaintiff did not establish a reasonable excuse for the approximately one-year delay in moving to vacate her default (*see TD Bank, N.A. v Spector*, 114 AD3d 933, 934 [2014]). In light of the lack of a reasonable excuse, it is unnecessary to determine whether the plaintiff demonstrated the existence of potentially meritorious cause of action (*see Selechnik v Law Off. of Howard R. Birnbach*, 120 AD3d at 1220).

The parties' remaining contentions either are without merit or need not be reached in light of our determination. Leventhal, J.P., Austin, Roman, Miller and Barros, JJ., concur.