■ SOFIA SERVILUS, Appellant, v DEBORAH R. WALCOTT, Respondent. [48 NYS3d 494]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Adams, J.), entered February 24, 2015, which denied her motion pursuant to CPLR 5015 (a) to vacate an order of the same court dated May 2, 2012, granting the defendant's unopposed motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.

Ordered that the order is affirmed, with costs.

On January 21, 2009, the plaintiff commenced this action to recover damages for personal injuries allegedly sustained by her in a motor vehicle accident. By notice of motion dated February 3, 2012, the defendant moved for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the accident. The plaintiff failed to submit opposition to the defendant's motion. In an order dated May 2, 2012, the Supreme Court granted the defendant's unopposed motion for summary judgment dismissing the complaint. According to the plaintiff, she moved to vacate the May 2, 2012, order in January 2013, but the court misplaced

these motion papers and that motion was not decided. Thereafter, by notice of motion dated December 30, 2014, the plaintiff moved to vacate the May 2, 2012, order. The court denied the plaintiff's motion.

In seeking to vacate the May 2, 2012, order, the plaintiff was required to demonstrate both a reasonable excuse for the default and a potentially meritorious opposition to the defendant's motion (see CPLR 5015 [a] [1]; BAC Home Loans Servicing, LP v Parone, 126 AD3d 923, 924 [2015]; Bank of N.Y. v Young, 123 AD3d 1068, 1069 [2014]). A court has the discretion to accept law office failure as a reasonable excuse where that claim is supported by a detailed and credible explanation of the default (see CPLR 2005; Remote Meter Tech. of NY, Inc. v Aris Realty Corp., 83 AD3d 1030, 1032 [2011]).

The plaintiff's counsel's undetailed and conclusory assertion of law office failure did not constitute a reasonable excuse for the plaintiff's default (see Bank of N.Y. v Young, 123 AD3d at 1069; Dobbyn-Blackmore v City of New York, 123 AD3d 1083, 1084 [2014]). Moreover, the plaintiff failed to articulate any basis for her lengthy delay in moving to vacate the May 2, 2012, order after her initial motion papers were apparently misplaced (see Yong U Lee v Huan Wen Zhang, 133 AD3d 651, 652 [2015]; Ortega v Bisogno & Meyerson, 38 AD3d 510, 511 [2007]). As the plaintiff failed to establish a reasonable excuse for her default, it is unnecessary to determine whether she had a potentially meritorious opposition to the defendant's motion (see JP Morgan Chase Bank, N.A. v Russo, 121 AD3d 1048, 1049 [2014]).

Accordingly, the Supreme Court properly denied the plaintiff's motion to vacate the May 2, 2012, order. Balkin, J.P., Austin, Sgroi and LaSalle, JJ., concur.