U.S. Bank N.A. v Grubb (2018 NY Slip Op 04373)





U.S. Bank N.A. v Grubb


2018 NY Slip Op 04373


Decided on June 13, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 13, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
REINALDO E. RIVERA
SYLVIA O. HINDS-RADIX
ANGELA G. IANNACCI, JJ.


2016-01271
 (Index No. 30094/14)

[*1]U.S. Bank National Association, etc., respondent,
v
Amanda M. Grubb, appellant, et al., defendants.


Legal Aid Society of Rockland County, New City, NY (Aimee M. Pollak and Edvin Markisich of counsel), for appellant.
Hogan Lovells US LLP, New York, NY (David Dunn, Chava Brandriss, Suzanne Novak, and Heather Gushue of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Amanda M. Grubb appeals from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Rockland County (Gerald E. Loehr, J.), entered December 22, 2015. The order and judgment of foreclosure and sale, upon an order of the same court dated June 24, 2015, granting the plaintiff's motion, inter alia, for an order of reference, and denying the defendant's cross motion, in effect, to vacate her default in answering the complaint and to compel acceptance of a late answer, granted the plaintiff's motion to confirm a referee's report and directed the foreclosure sale of the subject property.
ORDERED that the order and judgment of foreclosure and sale is affirmed, with costs.
The plaintiff commenced this residential mortgage foreclosure action against the defendant Amanda M. Grubb (hereinafter the defendant), among others, in January 2014. On or about October 16, 2014, the defendant filed a verified answer to the complaint. However, the plaintiff rejected the answer as untimely. Thereafter, the plaintiff moved, inter alia, for an order of reference. The defendant opposed the motion and cross-moved, in effect, to vacate her default in answering the complaint and to compel acceptance of a late answer. The Supreme Court signed an order of reference dated June 24, 2015, in which it granted the plaintiff's motion, denied the defendant's cross motion, and appointed a referee to, inter alia, ascertain and compute the amount due to the plaintiff. In an order and judgment of foreclosure and sale entered December 22, 2015, the Supreme Court granted the plaintiff's motion to confirm a referee's report and directed the foreclosure sale of the subject property. The defendant appeals.
"An applicant for a default judgment against a defendant must submit proof of service of the summons and complaint, proof of the facts constituting the claim, and proof of the defaulting defendant's failure to answer or appear" (HSBC Bank USA, N.A. v Clayton, 146 AD3d 942, 944 [internal quotation marks omitted]; see CPLR 3215[f]; Citimortgage, Inc. v Chow Ming Tung, 126 AD3d 841, 843; U.S. Bank, N.A. v Razon, 115 AD3d 739, 740). Here, the plaintiff satisfied these requirements (see Bank of Am., N.A. v Agarwal, 150 AD3d 651; U.S. Bank, N.A. v Razon, 115 AD3d at 740).
"A defendant seeking to vacate a default in answering a complaint and to compel the plaintiff to accept an untimely answer must show both a reasonable excuse for the default and the existence of a potentially meritorious defense" (Citimortgage, Inc. v Stover, 124 AD3d 575, 576; see US Bank, N.A. v Samuel, 138 AD3d at 1106; Gershman v Ahmad, 131 AD3d 1104, 1105). " The determination of what constitutes a reasonable excuse lies within the sound discretion of the Supreme Court'" (HSBC Bank USA, N.A. v Lafazan, 115 AD3d 647, 648, quoting Maspeth Fed. Sav. & Loan Assn. v McGown, 77 AD3d 889, 890).
Here, the Supreme Court providently exercised its discretion in determining that the defendant failed to demonstrate a reasonable excuse for her default in timely answering the complaint (see Wells Fargo Bank, N.A. v Singh, 153 AD3d 893; US Bank, N.A. v Samuel, 138 AD3d at 1106-1107; Wells Fargo Bank, NA v Besemer, 131 AD3d 1047, 1049; HSBC Bank USA, N.A. v Rotimi, 121 AD3d 855, 855; Mannino Dev., Inc. v Linares, 117 AD3d 995, 995; Chase Home Fin., LLC v Minott, 115 AD3d 634, 634; U.S. Bank N.A. v Slavinski, 78 AD3d 1167, 1167-1168). The absence of a reasonable excuse for the defendant's default in answering renders it unnecessary to determine whether she demonstrated the existence of a potentially meritorious defense (see US Bank, N.A. v Samuel, 138 AD3d at 1107; U.S. Bank N.A. v Ahmed, 137 AD3d 1106, 1109; Citimortgage, Inc. v Stover, 124 AD3d at 576).
The defendant's remaining contention is without merit.
Accordingly, we agree with the Supreme Court's determination to grant the plaintiff's motion and deny the defendant's cross motion.
MASTRO, J.P., RIVERA, HINDS-RADIX and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court