Option One Mtge. Corp. v Rose (2018 NY Slip Op 06023)





Option One Mtge. Corp. v Rose


2018 NY Slip Op 06023


Decided on September 12, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 12, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
BETSY BARROS
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2016-06046
 (Index No. 6521/08)

[*1]Option One Mortgage Corporation, etc., respondent,
v
Winston Rose, et al., defendants, Sprint Group, LLC, appellant.


Warner & Scheuerman, New York, NY (Jonathon D. Warner and Karl E. Scheuerman of counsel), for appellant.
Leopold & Associates, PLLC, Armonk, NY (Richard P. O'Brien of counsel), and Greenberg Traurig, LLP, New York, NY (John C. Molluzzo, Jr., of counsel), for respondent (one brief filed).



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Sprint Group, LLC, appeals from an order of the Supreme Court, Kings County (Sylvia G. Ash, J.), entered April 22, 2016. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were to vacate an order of the same court dated April 16, 2013, directing dismissal of the action, and to restore the action to the active calendar.
ORDERED that the order entered April 22, 2016, is reversed insofar as appealed from, on the law, with costs, and those branches of the plaintiff's motion which were to vacate the order dated April 16, 2013, directing dismissal of the action, and to restore the action to the active calendar are denied.
In June 2008, the plaintiff commenced this action against the defendant Winston Rose, among others, to foreclose a mortgage. In an order dated August 17, 2009, the Supreme Court,
upon Rose's failure to answer the complaint, granted the plaintiff's motion, inter alia, for leave to enter a default judgment and for an order of reference. Thereafter, by order dated April 16, 2013, the court directed dismissal of the action without prejudice, in effect, pursuant to 22 NYCRR 202.27, after neither Rose nor the plaintiff appeared for a scheduled status conference (hereinafter the order of dismissal). In October 2015, the plaintiff moved, inter alia, to vacate the order of dismissal and to restore the action to the active calendar. Nonparty Sprint Group, LLC (hereinafter Sprint), alleging that it purchased the subject property pursuant to a deed recorded on May 20, 2014, cross-moved pursuant to CPLR 1012(a) and 1013 for leave to intervene in the action as a party defendant. The court granted both the plaintiff's motion and Sprint's cross motion. Sprint appeals from so much of the order as granted those branches of the plaintiff's motion which were to vacate the order of dismissal and to restore the action to the active calendar.
In order to vacate a default in appearing at a scheduled court conference, a plaintiff must demonstrate both a reasonable excuse and a potentially meritorious cause of action (see CPLR 5015[a][1]; Stein v Doukas, 157 AD3d 743, 744; Wright v City of Poughkeepsie, 136 AD3d 809, 809; Mazzio v Jennings, 128 AD3d 1032, 1032; Hanscom v Goldman, 109 AD3d 964, 965). The determination of whether an excuse is reasonable lies within the sound discretion of the Supreme Court (see Polsky v Simon, 145 AD3d 693, 693; Herrera v MTA Bus Co., 100 AD3d 962, 963; Walker v Mohammed, 90 AD3d 1034, 1034). The court has discretion to accept law office failure as a reasonable excuse (see CPLR 2005) where the claim is supported by a detailed and credible explanation of the default (see GMAC Mtge., LLC v Guccione, 127 AD3d 1136, 1138; Bank of N.Y. v Young, 123 AD3d 1068, 1069; 1158 Props., LLC v 1158 McDonald, LLC, 104 AD3d 658, 658; People's United Bank v Latini Tuxedo Mgt., LLC, 95 AD3d 1285, 1286; Kohn v Kohn, 86 AD3d 630, 630).
Here, the plaintiff's bare allegation of law office failure was insufficient to demonstrate a reasonable excuse for its default (see Bank of N.Y. v Young, 123 AD3d at 1069; Siculan v Koukos, 74 AD3d 946, 947; Leibowitz v Glickman, 50 AD3d 643, 644; Bravo v New York City Hous. Auth., 253 AD2d 510). Moreover, the plaintiff failed to provide a reasonable excuse for its lengthy delay in moving to vacate the order of dismissal (see Wright v City of Poughkeepsie, 136 AD3d at 809; TD Bank, N.A. v Spector, 114 AD3d 933, 934).
Since the plaintiff failed to proffer a reasonable excuse, this Court need not consider whether it demonstrated a potentially meritorious cause of action (see Stein v Doukas, 157 AD3d at 744; Wright v City of Poughkeepsie, 136 AD3d at 809).
Accordingly, the Supreme Court should have denied those branches of the plaintiff's motion which were to vacate the order of dismissal and to restore the action to the active calendar.
LEVENTHAL, J.P., BARROS, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court