Hayes v Akhter (2019 NY Slip Op 05391)





Hayes v Akhter


2019 NY Slip Op 05391


Decided on July 3, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 3, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOSEPH J. MALTESE
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY, JJ.


2017-05898
 (Index No. 50845/14)

[*1]Jennifer Hayes, etc., appellant,
v
Mohammad F. Akhter, etc., et al., respondents.


Krentsel & Guzman, LLP, New York, NY (Steven E. Krentsel, Julie T. Mark, and Marcia Raicus of counsel), for appellant.
Westermann Sheehy Keenan Samaan & Aydelott, LLP, White Plains, NY (Timothy J. Lenane of counsel), for respondent Mohammad F. Akhter.
Rende, Ryan & Downes, LLP, White Plains, NY (Jonathan Reed and Alissa A. Mendys of counsel), for respondents Kenneth K. Zweig and St. Luke's Cornwall Hospital.
Feldman, Kleidman, Coffey, Sappe & Regenbaum LLP, Fishkill, NY (Marsha Solomon Weiss of counsel), for respondent George Profeta.
Catania, Mahon, Milligram & Rider, PLLC, Newburgh, NY (Ari I. Bauer of counsel), for respondent Richard Marc Diamond.



DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, the plaintiff appeals from an order of the Supreme Court, Dutchess County (James V. Brands, J.), dated May 5, 2017. The order denied the plaintiff's motion, in effect, pursuant to CPLR 5015(a)(1) to vacate an order and judgment (one paper) of the same court dated January 18, 2017, which, upon the plaintiff's default in appearing at a compliance conference, dismissed the complaint, and to restore the action to active status.
ORDERED that the order is affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.
In this action, inter alia, to recover damages for medical malpractice, the plaintiff moved, in effect, pursuant to CPLR 5015(a)(1) to vacate an order and judgment (one paper) dated January 18, 2017 (hereinafter the January 18 order), and to restore the action to active status. The January 18 order, upon the plaintiff's default in appearing at a compliance conference on January 4, 2017, dismissed the complaint pursuant to 22 NYCRR 202.27. By order dated May 5, 2017, the Supreme Court denied the plaintiff's motion. The plaintiff appeals.
Pursuant to CPLR 5015(a)(1), in order for the Supreme Court to vacate the January 18 order, the plaintiff was required to show both a reasonable excuse for the default and the existence of a potentially meritorious cause of action (see CPLR 5015[a][1]; Wright v City of [*2]Poughkeepsie, 136 AD3d 809, 809; Mazzio v Jennings, 128 AD3d 1032, 1032). Contrary to the plaintiff's contention, she failed to demonstrate a reasonable excuse for her default in appearing at the compliance conference. The proffered excuse, which consisted of an undetailed, unsubstantiated, vague, and conclusory claim of law office failure (see Dobbyn-Blackmore v City of New York, 123 AD3d 1083, 1084; CEO Bus. Brokers, Inc. v Alqabili, 105 AD3d 989, 990), was part of a pattern of willful default and neglect (see Wright v City of Poughkeepsie, 136 AD3d at 809; Santiago v New York City Health & Hosps. Corp., 10 AD3d 393). Since the plaintiff failed to demonstrate a reasonable excuse, we need not reach the issue of whether she demonstrated the existence of a potentially meritorious cause of action (see Wright v City of Poughkeepsie, 136 AD3d at 809).
Accordingly, we agree with the Supreme Court's determination denying the plaintiff's motion.
MASTRO, J.P., MALTESE, DUFFY and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court