EMC Mtge. Corp. v Walker (2019 NY Slip Op 06474)





EMC Mtge. Corp. v Walker


2019 NY Slip Op 06474


Decided on September 11, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 11, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
HECTOR D. LASALLE
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2017-00569
 (Index No. 16990/09)

[*1]EMC Mortgage Corporation, respondent,
v
Terry Walker, appellant, et al., defendants.


Andrea Gross, St. Albans, NY (Chidi Eze of counsel), for appellant.
Friedman Vartolo LLP, New York, NY (Oran Schwager of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Terry Walker appeals from an order of the Supreme Court, Kings County (Sylvia G. Ash, J.), dated November 29, 2016. The order, insofar as appealed from, granted the plaintiff's motion, in effect, pursuant to CPLR 5015(a)(1) to vacate an order of the same court dated May 28, 2013, directing dismissal of the action upon the plaintiff's failure to appear at a status conference, and to restore the action to the calendar, and granted that branch of the plaintiff's separate motion which was pursuant to CPLR 306-b to extend the time to serve the defendant Terry Walker.
ORDERED that the order dated November 29, 2016, is reversed insofar as appealed from, on the law, with costs, the plaintiff's motion, in effect, pursuant to CPLR 5015(a)(1) to vacate the order dated May 28, 2013, and to restore the action to the calendar is denied, and that branch of the plaintiff's separate motion which was pursuant to CPLR 306-b to extend the time to serve the defendant Terry Walker is denied.
The plaintiff commenced this action to foreclose a mortgage and thereafter filed, inter alia, a process server's affidavit attesting to service on the defendant Terry Walker. In an order dated May 28, 2013, the Supreme Court directed dismissal of the action without prejudice due to the failure of the plaintiff and Walker to appear at a status conference (hereinafter the May 2013 order). On September 1, 2015, the plaintiff moved, in effect, pursuant to CPLR 5015(a)(1) to vacate the May 2013 order and to restore the action to the calendar. Walker cross-moved to dismiss the complaint and for a traverse hearing on the issue of service of process or, alternatively, if the action was restored, for leave to file an answer. Walker asserted that he had never been served with process in this action, and that the physical description in the affidavit of service was inconsistent with both his race and his sex. Without issuing a decision on the motion, the court held a traverse hearing on June 22, 2016, after which it determined that the plaintiff's purported service of Walker was defective.
Subsequently, the plaintiff moved, inter alia, pursuant to CPLR 306-b to extend the time to serve Walker. In an order dated November 29, 2016, the Supreme Court granted the plaintiff's motion, in effect, pursuant to CPLR 5015(a)(1) to vacate the May 2013 order and to restore the action to the calendar, and granted that branch of the plaintiff's separate motion which was to extend the time to serve Walker in the interest of justice. The court denied that branch of Walker's cross motion which was to dismiss the complaint, but granted that branch of the cross [*2]motion which sought leave to file an answer. Walker appeals.
In order to vacate a default in appearing at a scheduled court conference, a plaintiff must demonstrate both a reasonable excuse for the default and a potentially meritorious cause of action (see CPLR 5015[a][1]; Option One Mgte. Corp. v Rose, 164 AD3d 1251, 1252; Stein v Doukas, 157 AD3d 743, 744). A determination of whether an excuse is reasonable lies within the sound discretion of the court (see Option One Mgte. Corp. v Rose, 164 AD3d at 1252).
Here, when the plaintiff moved, in effect, to vacate the May 2013 order and to restore the action to the calendar, it failed to proffer a reasonable excuse for its default in appearing at the scheduled court conference, and merely alleged that "there was no missed appearance, and as such 22 NYCRR 202.27 does not apply." Moreover, the plaintiff failed to articulate any basis for the more than 2½-year delay in moving to vacate the order of dismissal (see id. at 1252; Wright v City of Poughkeepsie, 136 AD3d 809). In light of the lack of a reasonable excuse, it is unnecessary to determine whether the plaintiff demonstrated the existence of a potentially meritorious cause of action (see Wright v City of Poughkeepsie, 136 AD3d at 809; Selechnik v Law Off. of Howard R. Birnbach, 120 AD3d 1220). Thus, we disagree with the Supreme Court's decision to hold a traverse hearing on June 22, 2016, and its subsequent determination granting the plaintiff's motion, in effect, pursuant to CPLR 5015(a)(1) to vacate the May 2013 order and to restore the action to the calendar, and that branch of the plaintiff's separate motion which was to extend the time to serve Walker in the interest of justice.
DILLON, J.P., LASALLE, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court