HSBC Bank USA, N.A. v Aquaviva (2019 NY Slip Op 08178)





HSBC Bank USA, N.A. v Aquaviva


2019 NY Slip Op 08178


Decided on November 13, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
RUTH C. BALKIN
JEFFREY A. COHEN
ROBERT J. MILLER, JJ.


2017-10542
 (Index No. 135240/14)

[*1]HSBC Bank USA, National Association, etc., respondent, 
v
John Aquaviva, appellant, et al., defendants.


David M. Harrison, Brooklyn, NY, for appellant.
Sandelands Eyet LLP, New York, NY (Laurence P. Chirch, Ashley L. Rose, and Mindy Kallus of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant John Aquaviva appeals from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Richmond County (Judith N. McMahon, J.), dated August 25, 2017. The order and judgment of foreclosure and sale, insofar as appealed from, granted the plaintiff's motion to confirm a referee's report and for a judgment of foreclosure of sale, in effect, denied that branch of the cross motion of the defendant John Aquaviva which was pursuant to CPLR 5015(a) to vacate an order of the same court dated November 13, 2015, granting the plaintiff's unopposed motion, inter alia, for summary judgment on the complaint insofar as asserted against him and for an order of reference, confirmed the referee's report, directed the sale of the subject property, and directed the referee to pay the plaintiff or the plaintiff's attorney the sum of $515,022.43 from the proceeds of the sale of the subject property.
ORDERED that the order and judgment of foreclosure and sale is modified, on the law, (1) by deleting the provision thereof granting that branch of the plaintiff's motion which was to confirm so much of the referee's report as computed the amount due to the plaintiff, and substituting therefor a provision denying that branch of the motion, and (2) by deleting the provisions thereof confirming so much of the referee's report as computed the amount due to the plaintiff and directing the referee to pay the plaintiff or the plaintiff's attorney the sum of $515,022.43 from the proceeds of the sale of the subject property; as so modified, the order and judgment of foreclosure and sale is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Richmond County, for a recalculation of the amount due to the plaintiff in accordance herewith, and the entry of an appropriate amended judgment thereafter.
On April 7, 2014, the plaintiff commenced this action against the defendant John Aquaviva (hereinafter the defendant), among others, to foreclose a mortgage on residential property in Staten Island. The defendant interposed an answer in which he asserted as an affirmative defense that the action was barred by the statute of limitations. The plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference. The defendant failed to oppose the motion. In an order dated November 13, 2015, the Supreme Court granted the plaintiff's motion and referred the matter to a referee to compute the amount due to the plaintiff on the note and mortgage. In her report, the referee computed that the sum of [*2]$515,022.43 was due to the plaintiff.
Thereafter, the plaintiff moved to confirm the referee's report and for a judgment of foreclosure and sale. The defendant cross-moved, inter alia, pursuant to CPLR 5015(a) to vacate the order dated November 13, 2015, and also opposed the plaintiff's motion, arguing that the referee had improperly included, in the calculations of the amount due, installment payments that became due more than six years prior to the commencement of the action. In an order and judgment of foreclosure and sale, the Supreme Court, inter alia, granted the plaintiff's motion, in effect, denied that branch of the defendant's cross motion with was to vacate the order dated November 13, 2015, confirmed the referee's report, directed the sale of the subject property, and directed the referee to pay the plaintiff or the plaintiff's attorney the sum of $515,022.43 from the proceeds of the sale of the subject property. The defendant appeals.
A party seeking to vacate an order entered upon his or her default in opposing a motion must demonstrate both a reasonable excuse for the default and a potentially meritorious opposition to the motion (see CPLR 5015[a][1]; Lee v Village of Airmont, 161 AD3d 1025, 1026). Where a party asserts law office failure as an excuse, "it must provide a detailed and credible explanation of the default'" (People's United Bank v Latini Tuxedo Mgt., LLC, 95 AD3d 1285, 1286, quoting Kohn v Kohn, 86 AD3d 630, 630; see CPLR 2005; GMAC Mtge., LLC v Guccione, 127 AD3d 1136, 1138). Conclusory and unsubstantiated allegations of law office failure are insufficient (see U.S. Bank N.A. v Barr, 139 AD3d 937, 938; Wells Fargo Bank, N.A. v. Cervini, 84 AD3d 789, 789).
Here, the defendant's bare allegation of law office failure was insufficient to demonstrate a reasonable excuse for his default in opposing the plaintiff's motion, inter alia, for summary judgment on the complaint insofar as asserted against him (see Option One Mtge. Corp. v Rose, 164 AD3d 1251, 1252; Bank of N.Y. v Young, 123 AD3d 1068, 1069). Since the defendant failed to demonstrate a reasonable excuse for his default in opposing the motion, it is unnecessary to consider whether he demonstrated a potentially meritorious opposition to the motion (see Bank of N.Y. v Young, 123 AD3d at 1069; Wells Fargo Bank, N.A. v Cervini, 84 AD3d at 790). Accordingly, the Supreme Court did not improvidently exercise its discretion by, in effect, denying that branch of the defendant's cross motion which was pursuant to CPLR 5015(a) to vacate the order dated November 13, 2015.
However, we disagree with the Supreme Court's determination granting that branch of the plaintiff's motion which was to confirm so much of the referee's report as computed the amount due to the plaintiff and directing the referee to pay the plaintiff or the plaintiff's attorney the sum of $515,022.43 from the proceeds of the sale of the subject property. CPLR 4403 provides that, "[u]pon the motion of any party . . . , the judge required to decide the issue may confirm or reject, in whole or in part, . . . the report of a referee to report" and "may make new findings with or without taking additional testimony" (see JNG Constr., Ltd. v Roussopoulos, 170 AD3d 1136, 1141).
Here, in computing the amount due, the referee included installment payments that became due as of April 1, 2007, the date of default. However, in its motion, inter alia, for summary judgment, the plaintiff conceded that its recovery was limited to installment payments that became due within six years prior to the commencement of the action on April 7, 2014. Since the plaintiff's request for summary judgment on the complaint was effectively limited in that respect, the referee should not have included in the calculation of the amount due to the plaintiff on the note and mortgage installment payments that became due prior to April 7, 2008. Accordingly, we remit the matter to the Supreme Court, Richmond County, for a recalculation of the amount due to the plaintiff on the note and mortgage, so as to exclude installment payments that became due before April 7, 2008, and for the entry of an appropriate amended judgment thereafter.
The parties' remaining contentions are without merit.
RIVERA, J.P., BALKIN, COHEN and MILLER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court