US Bank N.A. v Batista (2019 NY Slip Op 08889)





US Bank N.A. v Batista


2019 NY Slip Op 08889


Decided on December 11, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 11, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
ROBERT J. MILLER
JOSEPH J. MALTESE
HECTOR D. LASALLE, JJ.


2017-13039
 (Index No. 11176/07)

[*1]US Bank National Association, etc., respondent,
v
Carlos Batista, appellant, et al., defendants.


Berg & David, PLLC, Brooklyn, NY (Abraham David and Megha Patel Kotecha of counsel), for appellant.
Hogan Lovells US LLP, New York, NY (Leah Edmunds, Allison J. Schoenthal, and Christian Fletcher of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Carlos Batista appeals from an order of the Supreme Court, Kings County (Peter P. Sweeney, J.), dated September 1, 2017. The order denied that defendant's cross motion to vacate his default in appearing or answering the complaint and to dismiss the complaint insofar as asserted against him for lack of standing or, in the alternative, for leave to serve a late answer.
ORDERED that the order is affirmed, with costs.
In March 2006, the defendant Carlos Batista (hereinafter the defendant) and another person borrowed the sum of $629,000 from BNC Mortgage, Inc. (hereinafter BNC). The loan was memorialized in a note and secured by a mortgage encumbering certain real property in Brooklyn. In April 2007, the plaintiff commenced this action against, among others, the defendant to foreclose the mortgage. The defendant was served by substitute service pursuant to CPLR 308(2). On October 10, 2007, upon the defendant's failure to appear in the action or answer the complaint, the Supreme Court issued an order of reference.
In 2014, the action was dismissed on the ground that the plaintiff failed to comply with a conditional order of dismissal dated March 25, 2014, which required the plaintiff to file a note of issue or otherwise proceed by motion for the entry of judgment within 90 days. In May 2015, the plaintiff moved to vacate the order of dismissal and to restore the action to the calendar. The defendant opposed the plaintiff's motion and cross-moved to vacate his default in appearing or answering the complaint and to dismiss the complaint insofar as asserted against him for lack of standing or, in the alternative, for leave to serve a late answer. The plaintiff opposed the cross motion.
In an order dated April 14, 2016, the Supreme Court granted the plaintiff's motion and restored the action to the calendar. Subsequently, in an order dated September 1, 2017, the court denied the defendant's cross motion. The defendant appeals from the order dated September 1, 2017.
We agree with the Supreme Court's denial of the defendant's cross motion. A defendant seeking to vacate a default in answering a complaint and to compel the plaintiff to accept an untimely answer must show both a reasonable excuse for the default and the existence of a potentially meritorious defense (see CPLR 2004, 3012[d]; 5015[a][1]; US Bank N.A. v Dedomenico, 162 AD3d 962; Chase Home Fin., LLC v Minott, 115 AD3d 634; Community Preserv. Corp. v Bridgewater Condominiums, LLC, 89 AD3d 784; Taddeo-Amendola v 970 Assets, LLC, 72 AD3d 677). Here, the defendant proffered no excuse for his default. Since the defendant failed to demonstrate a reasonable excuse for his default, it is unnecessary to consider whether he sufficiently demonstrated the existence of a potentially meritorious defense (see Citimortgage, Inc. v Stover, 124 AD3d 575; HSBC Bank USA, N.A. v Lafazan, 115 AD3d 647, 648; TD Bank, N.A. v Spector, 114 AD3d 933, 934; U.S. Bank N.A. v Stewart, 97 AD3d 740), including the plaintiff's alleged lack of standing (see BAC Home Loans Servicing, LP v Reardon, 132 AD3d 790, 791).
SCHEINKMAN, P.J., MILLER, MALTESE and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court