Deutsche Bank Natl. Trust Co. v Fishbein (2020 NY Slip Op 00260)





Deutsche Bank Natl. Trust Co. v Fishbein


2020 NY Slip Op 00260


Decided on January 15, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 15, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
COLLEEN D. DUFFY
LINDA CHRISTOPHER, JJ.


2018-08016
 (Index No. 14091/09)

[*1]Deutsche Bank National Trust Company, respondent,
v
Adam Fishbein, appellant, et al., defendants.


IM Law Group, Cedarhurst, NY (Igor Meystelman of counsel), for appellant.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Adam Fishbein appeals from an order of the Supreme Court, Kings County (Sylvia G. Ash, J.), dated March 12, 2018. The order granted the plaintiff's motion to vacate an order of the same court dated January 28, 2014, directing dismissal of the action, and to restore the action to active status, and denied that defendant's cross motion, inter alia, to vacate his default in appearing and to compel the plaintiff to accept a late answer.
ORDERED that the order dated March 12, 2018, is reversed, on the law, with costs, the plaintiff's motion to vacate the order dated January 28, 2014, and to restore the action to active status is denied, and the cross motion of the defendant Adam Fishbein, inter alia, to vacate his default in appearing and to compel the plaintiff to accept a late answer is denied as academic.
The plaintiff commenced this action by summons with notice dated June 5, 2009, against the defendant Adam Fishbein, among others, to foreclose a mortgage. Fishbein did not appear in the action or answer the complaint. After several appearances in the Foreclosure Settlement Conference part, the matter was marked "not settled" and put down for a status conference. The initial status conference was then adjourned to January 28, 2014. On that date, the Supreme Court directed dismissal of the action without prejudice, in effect, pursuant to Uniform Rules for Trial Courts (22 NYCRR 202.27), after neither Fishbein nor the plaintiff appeared for the scheduled status conference. By notice of motion dated November 2, 2017, the plaintiff moved to vacate the order of dismissal and to restore the action to the active calendar. Fishbein opposed the motion and cross-moved, inter alia, to vacate his default in appearing and to compel the plaintiff to accept a late answer. In an order dated March 19, 2018, the Supreme Court granted the plaintiff's motion and denied Fishbein's cross motion. Fishbein appeals.
In order to vacate a default in appearing at a scheduled court conference, a plaintiff must demonstrate both a reasonable excuse and a potentially meritorious cause of action (see CPLR 5015[a][1]; Financial Freedom Acquisition, LLC v Unknown Heirs to the estate of Emmie Kenner, 172 AD3d 1173, 1175; Option One Mtge. Corp. v Rose, 164 AD3d 1251, 1252; Stein v Doukas, 157 AD3d 743, 744; Wright v City of Poughkeepsie, 136 AD3d 809, 809; Mazzio v Jennings, 128 AD3d 1032, 1032). The determination of whether an excuse is reasonable lies within the sound discretion of the Supreme Court (see Polsky v Simon, 145 AD3d 693, 693; Herrera v MTA Bus Co., 100 AD3d 962, 963; Walker v Mohammed, 90 AD3d 1034, 1034). The court has discretion to accept law office failure as a reasonable excuse (see CPLR 2005) where the claim is supported by a detailed and [*2]credible explanation of the default (see Option One Mtge. Corp. v Rose, 164 AD3d at 1252; GMAC Mtge., LLC v Guccione, 127 AD3d 1136, 1138; Bank of N.Y. v Young, 123 AD3d 1068, 1069; 1158 Props., LLC v 1158 McDonald, LLC, 104 AD3d 658, 658; People's United Bank v Latini Tuxedo Mgt., LLC, 95 AD3d 1285, 1286; Kohn v Kohn, 86 AD3d 630, 630).
Here, the plaintiff's bare allegation of law office failure was conclusory and wholly unsubstantiated. The plaintiff did not proffer an affidavit from anyone with personal knowledge of the purported law office failure and failed to provide any details regarding such failure (see Fremont Inv. & Loan v Fausta, 164 AD3d 1314, 1315; Option One Mtge. Corp. v Rose, 164 AD3d at 1252; OneWest Bank, FSB v Singer, 153 AD3d 714, 716; Bank of N.Y. v Young, 123 AD3d at 1069). Having failed to provide a detailed and credible explanation for the default, the plaintiff's allegation of law office failure did not rise to the level of a reasonable excuse for its default.
Since the plaintiff failed to proffer a reasonable excuse for its default, this Court need not consider whether it demonstrated a potentially meritorious cause of action (see Option One Mtge. Corp. v Rose, 164 AD3d at 1253; Stein v Doukas, 157 AD3d at 744; Natural Prod. Import Am., Inc. v J & J Express Trucking Corp., 137 AD3d 883, 884; Wright v City of Poughkeepsie, 136 AD3d at 809).
In light of our determination, Fishbein's cross motion, inter alia, to vacate his default in appearing and to compel the plaintiff to accept a late answer has been rendered academic.
Accordingly, the Supreme Court should have denied the plaintiff's motion to vacate the order dated January 28, 2014, and should have denied Fishbein's cross motion as academic.
CHAMBERS, J.P., AUSTIN, DUFFY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court