Federal Natl. Mtge. Assn. v Grossman (2022 NY Slip Op 03095)

Federal Natl. Mtge. Assn. v Grossman

2022 NY Slip Op 03095

Decided on May 11, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 11, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
REINALDO E. RIVERA
ROBERT J. MILLER
JOSEPH A. ZAYAS, JJ.

2019-06535 
2019-09209
 (Index No. 607312/18)

[*1]Federal National Mortgage Association, etc., respondent,
v
Lance Scott Grossman, et al., appellants, et al., defendants.

Lance S. Grossman, sued herein as Lance Scott Grossman, New York, NY, appellant pro se and for appellant Lori Ann Grossman.
Gross Polowy, LLC, Westbury, NY (Stephen J. Vargas of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendants Lance Scott Grossman and Lori Ann Grossman appeal from (1) an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered February 25, 2019, and (2) an order of the same court (Anna R. Anzalone, J.) entered June 5, 2019. The order entered February 25, 2019, denied those defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them. The order entered June 5, 2019, denied those defendants' motion to compel the plaintiff to accept an untimely answer.
ORDERED that the orders are affirmed, with one bill of costs.
In February 1995, the defendants Lance Scott Grossman and Lori Ann Grossman (hereinafter together the defendants) borrowed the sum of $268,000. The loan was secured by a mortgage on property located in North Woodmere. In April 2001, the defendants borrowed the additional sum of $3,034.86 and executed a second mortgage as well as a consolidation, extension, and modification agreement (hereinafter CEMA), forming a single lien in the sum of $255,800. The defendants allegedly defaulted in payment under the terms of the CEMA by failing to make the payments due on June 1, 2012, and thereafter. In May 2018, the plaintiff commenced this action to foreclose the mortgage against the defendants, among others. According to affidavits of service, the defendants were served with the summons and complaint pursuant to CPLR 308(2). After a mandatory foreclosure settlement conference, the defendants, in lieu of filing an answer, moved pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them on various grounds. The plaintiff opposed the motion, inter alia, on the ground that it was untimely. In an order entered February 25, 2019, the Supreme Court denied the defendants' motion.
The defendants then attempted to serve an untimely answer, which the plaintiff rejected. Thereafter, the defendants moved to compel the plaintiff to accept their untimely answer. In an order entered June 5, 2019, the Supreme Court denied the motion, finding that the defendants failed to demonstrate a reasonable excuse for their default. The defendants appeal from both orders.
Contrary to the defendants' contention, the Supreme Court properly denied dismissal [*2]of the complaint insofar as asserted against them pursuant to CPLR 3211(a)(8) for lack of personal jurisdiction. When a defendant objects to the court's exercise of personal jurisdiction, the ultimate burden of proof rests upon the plaintiff (see Skutnik v Messina, 178 AD3d 744, 744; Piccoli v Cerra, Inc., 174 AD3d 754, 755). However, "[i]n opposing a motion to dismiss the complaint pursuant to CPLR 3211(a)(8) on the ground of lack of jurisdiction, a plaintiff need only make a prima facie showing that such jurisdiction exists" (Skutnik v Messina, 178 AD3d at 744-745 [internal quotation marks omitted]). "The facts alleged in the complaint and affidavits in opposition to such a motion to dismiss are deemed true and construed in the light most favorable to the plaintiff, and all doubts are to be resolved in favor of the plaintiff" (Piccoli v Cerra, Inc., 174 AD3d at 755 [internal quotation marks omitted]).
"[A] process server's affidavit of service establishes a prima facie case as to the method of service and, therefore, gives rise to a presumption of proper service" (Wells Fargo Bank, NA v Chaplin, 65 AD3d 588, 589; see U.S. Natl. Bank Assn. v Melton, 90 AD3d 742, 743). "'Although a defendant's sworn denial of receipt of service generally rebuts the presumption of proper service established by the process server's affidavit and necessitates an evidentiary hearing, no hearing is required where the defendant fails to swear to specific facts to rebut the statements in the process server's affidavits'" (BAC Home Loans Servicing, LP v Carrasco, 160 AD3d 688, 689, quoting Scarano v Scarano, 63 AD3d 716, 716 [internal quotation marks omitted]). "The sworn denial of receipt of service must be a 'detailed and specific contradiction' of the allegations in the process server's affidavit" (Rodriguez v 60 Graham, LLC, 173 AD3d 1095, 1095-1096, quoting Bankers Trust Co. of Cal. v Tsoukas, 303 AD2d 343, 344).
Here, the affidavits of the plaintiff's process server established, prima facie, that service upon the defendants was accomplished pursuant to CPLR 308(2). Moreover, the defendants failed to raise an issue that warranted a hearing (see US Bank N.A. v Cherubin, 141 AD3d 514). Accordingly, the Supreme Court properly denied dismissal of the complaint insofar as asserted against the defendants pursuant to CPLR 3211(a)(8) for lack of personal jurisdiction. Insofar as the defendants' motion pursuant to CPLR 3211(a) was made after the time to appear or answer had expired, the remaining grounds for dismissal were untimely and properly denied (see Rosenzweig v Gubner, 194 AD3d 1086, 1089-1090).
The Supreme Court properly denied the defendants' subsequent motion to compel the plaintiff to accept their untimely answer. "A defendant seeking to vacate a default in answering a complaint and to compel the plaintiff to accept an untimely answer pursuant to CPLR 3012(d) must provide a reasonable excuse for the default and demonstrate a potentially meritorious defense" (Gambino v Deutsche Bank Natl. Trust Co., 181 AD3d 565, 566). "The determination of what constitutes a reasonable excuse lies within the sound discretion of the trial court" (id. at 566). Here, the defendants' misguided strategy did not constitute law office failure and was not a reasonable excuse for their default (see Hudson City Sav. Bank v Bomba, 149 AD3d 704, 705). Since the defendants failed to demonstrate a reasonable excuse for their default, it is unnecessary to consider whether they sufficiently demonstrated the existence of a potentially meritorious defense (see US Bank N.A. v Dedomenico, 162 AD3d 962; Citimortgage, Inc. v Stover, 124 AD3d 575; HSBC Bank USA, N.A. v Lafazan, 115 AD3d 647, 648).
In view of our determination, we need not reach the defendants' remaining contentions.
BRATHWAITE NELSON, J.P., RIVERA, MILLER and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court