Avanza Group, LLC v Investment Mgt. Group, LLC (2025 NY Slip Op 02303)

Avanza Group, LLC v Investment Mgt. Group, LLC

2025 NY Slip Op 02303

Decided on April 23, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 23, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
LARA J. GENOVESI
JANICE A. TAYLOR
DONNA-MARIE E. GOLIA, JJ.

2022-07674
 (Index No. 611469/21)

[*1]Avanza Group, LLC, respondent, 
v
Investment Management Group, LLC, etc., et al., appellants.

Colonna Cohen Law, PLLC, Brooklyn, NY (Ashlee Colonna Cohen of counsel), for appellants.
Berkovitch & Bouskila, PLLC, Pomona, NY (Ariel Bouskila of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendants appeal from an order of the Supreme Court, Nassau County (Denise L. Sher, J.), entered July 7, 2022. The order, insofar as appealed from, denied that branch of the defendants' motion which was pursuant to CPLR 5015(a) to vacate a judgment of the same court dated December 1, 2021, entered upon their failure to appear or answer the complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In May 2021, the plaintiff and the defendants Investment Management Group, LLC, and Ballard Investments, Inc., entered into a written merchant agreement pursuant to which the plaintiff agreed to purchase $299,800 of the defendants' receivables for the price of $200,000. The defendant Lewis Ballard III executed a personal guaranty.
In September 2021, the plaintiff commenced this action, inter alia, to recover damages for breach of contract. The defendants failed to appear or answer the complaint despite being served with the summons and complaint. On December 1, 2021, the Supreme Court issued a judgment in favor of the plaintiff and against the defendants upon the defendants' default. The defendants then moved, among other things, pursuant to CPLR 5015(a) to vacate the judgment. In an order entered July 7, 2022, the court, inter alia, denied that branch of the defendants' motion. The defendants appeal.
Pursuant to CPLR 5015(a)(1), "'[a] defendant seeking to vacate a default in appearing in the action or answering the complaint must show both a reasonable excuse for the default and a potentially meritorious defense'" (251 Gotham, LLC v Bank of N.Y. Mellon, 208 AD3d 540, 541, quoting Wells Fargo Bank, N.A. v Hyun Jung Kim, 189 AD3d 1673, 1674; see Matter of Maya Assur. Co. v Long Sheng Zheng, 207 AD3d 632, 632). "The determination of what constitutes a reasonable excuse lies within the Supreme Court's discretion" (Hamilton v New York Hosp. Queens, 183 AD3d 621, 622; see HSBC Bank USA, N.A. v Gias, 215 AD3d 810, 812; Lyubomirsky v Lubov Arulin, PLLC, 125 AD3d 614, 614). "The court has discretion to accept law office failure as a reasonable excuse (see CPLR 2005) where the claim is supported by a detailed and credible [*2]explanation of the default" (Deutsche Bank Natl. Trust Co. v Fishbein, 179 AD3d 768, 770; see Option One Mtge. Corp. v Rose, 164 AD3d 1251, 1252).
Here, the defendants' conclusory allegations of law office failure were insufficient to demonstrate a reasonable excuse for their default in appearing or answering the complaint (see Weidler v MERSCORP Holdings., Inc., 208 AD3d 922, 924; Deutsche Bank Natl. Trust Co. v Fishbein, 179 AD3d at 770). Since the defendants failed to establish a reasonable excuse for their default, it is unnecessary to determine whether they demonstrated a potentially meritorious defense (see Goldberg v Breth, 189 AD3d 1368, 1370; Deutsche Bank Natl. Trust Co. v Fishbein, 179 AD3d at 770).
In light of the foregoing, we need not address the defendants' remaining contentions.
Accordingly, the Supreme Court properly denied that branch of the defendants' motion which was pursuant to CPLR 5015(a) to vacate the judgment.
BARROS, J.P., GENOVESI, TAYLOR and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court